## LYON VS MALONE.

*Question as to actions at law by and against late co-partners.*

1. One partner, who after a dissolution of the firm, pays the firm debt, and takes the note of his late associate in payment thereof, may well maintain an action at law upon the note,—notwithstanding he may have received the books and accounts of the co-partnership, for collection and settlement;—the consideration not being impeached, and it not appearing but that the debt was paid out of the separate funds of the payee.

In error to the Circuit Court of Mobile county.

The action in this case was assumpsit upon a promissory note, made by the plaintiff in error, to the defendant, for the payment of money. The cause was tried upon issues taken to the pleas of non assumpsit and payment. Upon the trial, Lyon proved there had been a partnership between the parties, which was dissolved before the note was executed; that after the dissolution, all the remaining books and accounts of the partnership, to an amount exceeding six thousand dollars, were placed in the hands of Malone, to be collected for their joint benefit; that afterward, Malone paid a debt due from the former firm and took from Lyon the note sued upon in this case; that the affairs of the partnership, were unsettled—but at the time of the trial, all the debts due from the partnership, had been paid.

It did not appear that Malone had rendered any account, nor did it appear from the record, whether

4P        63

the value of the books and accounts, placed in the hands of Malone, was sufficient to pay the debts owing from the firm, or what amount of money had been collected from them. The amount of the debt which the firm owed, did not appear. Some other immaterial facts were proved.

The Circuit Court of Mobile county, instructed the jury,—"that the plaintiff could recover, notwithstanding the co-partnership transactions, as it did not appear, on the face of the note, that it was a co-partnership transaction." Lyon excepted to the opinion of the Court—and its correctness is made a question by the assignment of error here.

HOPKINS, C. J.—The general rule that actions of contract are not maintainable between partners, on the partnership account, is admitted by the counsel of each party, and recognised by the Court; and the question is, whether this case be within any of the acknowledged exceptions to the rule?

For the plaintiff in error, it was contended, that the exceptions do not include any case, where the plaintiff in the action, cannot prove that a final settlement has been made, by which it was ascertained that he is entitled to what he demands; because without such proof, it cannot appear, which of the parties is indebted to the other upon the partnership account.

Of the authorities which were cited to support this position, the only one that does sustain it, is the case of *Robson vs Curtis.** In that case the parties were partners in the business of buying and selling cattle. A bill was drawn in payment for some of the cattle purchased of the partners, and payable to Robson

*1Stark78

alone, who indorsed it to Curtis, and he indorsed it over. The bill being afterward dishonored, he promised, that if Robson would take it up, he, Curtis, would pay Robson one half the amount. Robson took up the bill and sued Curtis in an action for money paid, but was non-suited—as Lord Ellenborough decided, "that if there had been partnership dealings, and only one item remained unadjusted, the difficulty as to partnership, would disappear; but as that was not the case there, since some of the cattle remained unsold after the sale, on which the bill was drawn, the action was not maintainable.

In the case of *Coffey vs Brian*,* which differs in *3 Bing.54 nothing that is material from that of *Robson vs Curtis*, it was held that the plaintiff had a right to his action.

In *Collyer on Part.* (149, 150,) it is admitted to be difficult to reconcile the two cases; and the author of the work, indicates his preference for the decision in the case of *Coffey vs Brian.* During the partnership, one partner can maintain an action against the other for money advanced by the former to the latter, to supply his share of the stock of the partnership, or upon a note or bill, made or accepted, for value received on the partnership account, by one in favor of the other—*Collyer on Part.* 147.

In the case of *Neale vs Turton, et al.*† it was admitted by the Court, that where one partner draws †4 Bing. 149—13 upon another partner by name, who individually accepts, the drawer may recover at law; because the acceptance acknowledges the existence of a separate right. According to the principle of the decision of the case of *Nevins vs Townsend et al*‡—an action lies upon 6 Conn. R. Rep. 5.

a note made by one partner, in his individual name, to the other, for money lent by the payee, to the firm. The execution of the note was relied on by the Court in that case, as showing that the money was advanced as a loan, and not to furnish an item in the partnership account.[*]

In the case of *Van Ness vs Forrest*,[†] the note of Van Ness, who was a member of a commercial company, consisting of many persons, was made by the partner of Van Ness, who was also a member of the company, for goods of the company, purchased of Forrest, the President of the company, by the makers of the note; which was payable to Forest, by the description of President of the company. The Supreme Court of the United States, held in that case, that the action on the note was maintainable; that the legal right to the action was in Forrest, who was a trustee for the company, and that the principle which denies the right to one partner, to sue another on a partnership transaction, did not apply to any case, where a note was given for money, not by or to a firm; but by one or more partners, individually, to another partner; as an individual. If a note or bill, be made or drawn in the name of a firm, in favor of an individual member of it, such member can maintain no action on either, as he is one of the makers or drawers, as well as the payee, and can maintain no action against himself. In all the cases, except one, of which we have taken notice, the supposition that the partner, who was sued, might be entitled, upon a final settlement with the one who was plaintiff, to a dividend larger than the sum for which he was sued, was not suffered to defeat the

[*] 5 Cowens Rep. 683.

[†] 8 Cranch, 30.

action. The actions in all of them, were commenced during the continuance of the several partnerships.— The principle which upheld those actions, is, that the notes or bills, upon which the suits were brought, acknowledged a separate right in the plaintiffs, respectively, and the execution of a note, after the dissolution of a partnership, is a less equivocal acknowledgement of such a right in the payee. Actions between persons who have been partners, upon contracts made after the dissolution of the partnership, or on other causes arising subsequent to the dissolution, but originating in their relation of partners, as to third persons, are maintainable—*Collyer on Part.* (156, 157.)[*]

[*1 East 20
5 East 225]

The note in this case is according to our statute law, evidence of the debt, which Malone demanded.[†]

[†Aik. Dig. 283.]

No testimony was offered to show that there was no consideration for the note. It did not appear from the proof that Malone had collected any sum from the books and accounts of the partnership, when he paid the debt due from the firm, for one half of which, the note in this case was given, or that he had since collected any thing. The fair inference from the execution of the note, if it were necessary to make an inference, is, that the debt of the firm was paid out of the separate fund of Malone.

The judgment is affirmed.

LYON VS MALONE.

The principle of the decision in the foregoing case, is applicable to this case. The judgment is therefore affirmed.

GOLDTHWAITE, J., not sitting.