### PHILIPS v. LOCKHART.

1. One partner cannot sue his co-partner at law, even after a dissolution, unless there has been a settlement of the partnership accounts, and a balance struck.
2. P. H. & A. being partners, L. with the consent of P., bought out the interest of H. & A. in the firm, and became the partner of P.   L. agreed with H. & A. to pay their proportion of the outstanding debts of the old firm; after a dissolution of the partnership between P. & L., P. paid the debts of the old firm, which L. had agreed to pay; held that he could not maintain an action at law to recover the amount of L.

Error to the Circuit Court of Perry County.

ASSUMPSIT by the plaintiff in error, against the defendant in error and judgment for the defendant.

On the trial of the cause, the plaintiff produced a Mr. Hunt-

66

ington, who testified that there had previously existed a co-partnership between himself, the plaintiff, and one Anthony, under the style of Philips, Anthony & Co., whose business was tavern keeping; that defendant purchased the interest of witness and Anthony, for which he paid one hundred dollars, as a part of the consideration, and besides, agreed verbally with them to pay their proportions of the outstanding debts of the firm; to all of which, Philips assented. That said plaintiff and defendant, then went into partnership in keeping said tavern, which partnership was dissolved some time in the first of the year, 1837. That a division of a portion of the real property belonging to the firm, was made between them; they ceased to keep the tavern, and each engaged in other business. Another witness also swore that he was under the impression, that said Lockhart had told him that a settlement had been made of said partnership business, between him and plaintiff, but was not certain. The plaintiff proved, that since the dissolution as mentioned, and before this suit was brought, the plaintiff had paid certain of the notes and accounts, then produced, which said defendant had agreed to pay as aforesaid, at the time of the purchase aforesaid; which notes were executed by, and accounts existed against, the said Philips, Anthony & Co.; but the court refused to permit such notes and accounts to go to the jury as evidence, no proof having been offered of any agreement in writing, to pay the same, and because there was no proof conducing to show what the final settlement was, if any; what the balance, or who assumed to pay it.

The plaintiff also proved, that since the dissolution as aforesaid, and before this suit, he had paid certain notes and accounts then produced, contracted by said plaintiff and defendant, and for which they were jointly liable, as partners; but the court refused to permit such notes and accounts to go to the jury, because no proof had been adduced, conducing to show what were the terms of the partnership settlement, if any; what the balance, or who assumed the payment. The plaintiff also proved, that he had taken up one of the notes of the partnership since its disso-

lution, by giving his own notes in lieu thereof, and produced the said partnership note on trial, but the court instructed the jury that was not such a payment as would authorize the plaintiff to recover thereupon in this action, in the absence of proof showing it accepted, in discharge of every other liability. To all which, the plaintiff excepted, and now assigns the matters of law arising thereon for error.

EDWARDS, for the plaintiff in error.

ORMOND, J.—The bill of exceptions in this case, though not very lucid, presents two questions:

First. The effect of a verbal promise to pay the debt of another.

Second. The liability of one partner to another for the partnership debts paid by one, after the dissolution of the partnership.

On the first point the proof set out in the record is, that the defendant purchased the interest of Huntington and another, in a firm, composed of these two persons and the plaintiff, with his consent, and became his partner. The defendant agreeing verbally, to pay the proportion of the two partners whose interest he purchased, of the outstanding debts of the old firm.

If this promise is to be understood as made to the creditors of the firm, it is clearly void under the statute of frauds, being a promise to pay the debt of another, and not in writing. If Huntington and his partner, to whom it appears to have been made, had been compelled by the creditors of the firm, to pay the debts thus assumed by the defendant, *they* might probably have maintained an action against him, on his promise. But this promise cannot be held to enure to the plaintiff, nor can he maintain any action on it. It is as to him, within the statute of frauds. Nor is the question affected by the fact, that the promise was to pay a debt for which he is also responsible, and which if he has paid, he may have recourse against his former partners. The plaintiff cannot proceed against the defendant on his promise to indemnify *them*, which is the only legal effect that can be ascribed to his contract.

It is equally clear, that the plaintiff cannot maintain an action at law, for money paid by him, on account of the partnership between himself and the defendant, although the partnership has been dissolved, and the money was paid since its dissolution. It is well settled, that one partner cannot maintain an action at law against his former partner, even after a dissolution of the partnership, uness there be a settlement of accounts, a balance struck, and according to some authorities, an express promise to pay it. (Foster v. Alanson, 2d Term, 479; Halstead v. Schmelgell, 17 Johns. Rep. 80; Holt's N. P. C. 368.)

In Lyon v. Malone, (4th Porter 501,) this court held that one partner, who after a dissolution of the firm, paid a firm debt, and took the note of his co·partner for the amount, could maintain an action at law on the note. The broad distinction between that case and this, is, that there the note was evidence of an express promise to pay after the dissolution of the partnership; whilst in this case, there was no evidence of either a final settlement of accounts and balance struck, or promise to pay.

There is no error in the judgment of the court, and it is therefore affirmed.