## DeJARNETTE'S EXECUTOR vs. McQUEEN.

[ACTION AT LAW BETWEEN PARTNERS FOR CONTRIBUTION.]

1. *When action at law lies between partners.*—If, after the dissolution of a part-
nership, the several partners sign their individual names to a note for a
partnership debt, and one afterwards pays off this note, he cannot maintain
an action at law against the others for contribution.
2. *Same.*—An agreement between two co-partners, after dissolution of their
firm, to the effect that they would "quit even" to avoid the expense of a
chancery suit, does not authorize one to maintain an action at law against
the other, to recover contribution for a partnership debt subsequently paid.

APPEAL from the Circuit Court of Autauga.
Tried before the Hon. E. W. PETTUS.

THIS action was brought by the executor of John P.
DeJarnette, deceased, against Murdock McQueen. The
complaint contained the common counts in assumpsit
under the Code. The defendant pleaded, in short by
consent, *non assumpsit*, payment, set-off, and the statutes
of limitation of three and six years. The facts disclosed
on the trial, as the same are stated in the bill of exceptions,
were, in substance, these: A partnership had existed
between the plaintiff's testator, the defendant, and one
Sutherlin. After the dissolution of the firm, the several
partners executed to one John McBride two promissory
notes, for the amount of a partnership debt; signing their

respective individual names. The plaintiff, as executor of John P. DeJarnette, paid off the balance due on these notes, and brought this action to recover contribution. Sutherlin had removed to Louisiana before this payment was made. A witness for the plaintiff testified, that he, as an attorney-at-law, "advised the plaintiff and defendant that a settlement of the business of the firm could only be forced by a long and difficult chancery suit, and advised them to quit even; to which both assented." On this evidence, the court charged the jury, in effect, that the plaintiff could not recover. The plaintiff reserved an exception to this charge, and he now assigns it as error.

WM. H. NORTHINGTON, and ELMORE & YANCEY, for the appellant, cited Lyon v. Malone, 4 Porter, 501; Neale v. Turton, 4 Bing. 149; Nevins v. Townsend, 6 Conn. 5; Gibson v. Moore, 6 N. H. 547; Sawyer v. Proctor, 2 Conn. 480; Van Ness v. Forrest, 8 Cranch, 30; Collyer on Partnership, §§ 272, 274, 269, 281.

WATTS, JUDGE & JACKSON, *contra.*

WALKER, J.—The general proposition, that one partner cannot sue another at law, to recover the due proportion of a partnership debt paid by the former, is not denied; but it is contended that the execution of the notes by the partners in their individual names deprives the debt of its character as a partnership liability, and converts it into an individual debt, as between the partners; and also that the agreement between the plaintiff and defendant "*to quit even*" gave to the former the right to maintain this action at law.

The cases cited upon the brief of appellant's counsel do not sustain the argument, that the mere fact that the partners subscribe their separate names to notes, given for a partnership liability, withdraws them from the partnership, and makes them the joint and several debt of the partners between themselves as distinct and unconnected individuals. The cases in which a partnership matter has been regarded as withdrawn from the partnership, are those where one partner has made separately a

promise to one or several of his associates. Such was the character of the transaction in Lyon v. Malone, 4 Porter, 497; Coffee v. Brian, 3 Bing. 54, (11 E. C. L. 25;) Jackson v. Stopherd, 2 Crom. & M. 361; Wilson v. Cutting, 10 Bing. 434, (25 E. C. L. 187;) and in the cases commented upon by the court in Lyon v. Malone, *supra*.

An agreement that the partners shall be liable to each other for contribution, otherwise than in their associate capacity, cannot be legitimately inferred from the fact of their signing their respective names to the notes. The security does not in any wise change the nature of the debt. The liability of the partners after the execution of the notes, as before, was joint and several, and it was precisely the same as if the note had been executed in the partnership name. The effect of an execution of the notes by the partners in the partnership name would have been to evidence the same liability, as if they had signed their respective names. When a partnership owes a debt, and all the partners sign a note for that debt, they give a security imposing upon the partners a liability not inconsistent with that which pertains to their relationship; and there is, therefore, in the act of giving such security, no evidence of a design to change the character of the debt.

The taking of the joint and several notes of the partners did not, of itself, have the effect of extinguishing the partnership liability; and one who had taken such a note for a partnership liability might, under the statute of bankruptcy, prove the debt against the partnership assets.—Owen on Bankruptcy, 289–290; Story on Partnership, 369; Collyer on Part. §§ 910, 911, 941.

Upon their face the notes are the debts of the makers as individuals; but, when it is shown that they were given for a partnership liability, the presumption is overturned, and the makers, as between themselves, stand as partners. Such we understand to be the decision in Couch & Emmerson v. Bowman, 3 Humph. 209. The decision in Filley v. Phelps, 18 Conn. 294, is precisely in point, and lays down the principle, that a note joint and several in form, given by the individuals who compose a partnership, is a preferred claim against the partnership assets.

DeJarnette's Executor v. McQueen.

Upon the reasoning and authorities above stated, we think it a safe position, that the makers of the notes in question, as to their respective liabilities to contribute to the payment thereof, occupy as between themselves the relation of partners.

The agreement of the plaintiff and defendant in this suit "to quit even" may have amounted to a settlement of the partnership accounts, as between the parties to it, up to that time. It may have the effect of a mutual acquittance by the parties as to all liabilities subsisting at the time. But it cannot absolve from responsibility for subsequently accruing items of partnership account. It does not give to each party a right to collect for his exclusive benefit as much of the remaining assets as he might be able to get into his hands; nor does it impose upon the party who may happen to pay a debt the burden of bearing it alone; nor does it destroy the relation of partners as to subsequent matters. If the parties to this suit had formally and fully settled up every matter of partnership account existing at the particular time, it would not destroy the mutual liability to account as to all subsequent matters; and no greater effect can be conceded to the agreement set up in this case. If there be a liability to account as partners, as to all subsequent matters, it is clear that the proceeding to compel the account must be in chancery, and not at law. If an action at law could be maintained, there might be a suit at every occurrence of an item of account, and thus as many suits as there were subsequent items; and the plaintiff in this suit, if he recover from the defendant, might be compelled, in some other suit for contribution by the defendant, to restore the sum recovered. When a settlement has been had, and a balance struck, an action at law will lie for the recovery of the balance; but the rule does not extend to matters of partnership account afterwards accruing.

The judgment of the court below is affirmed.