# Harris *v.* Harris.

*Bill for Dissolution and Settlement of Partnership.*

[Decided Jan. 22, 1902.]

1. *Partnership; right of one member to exclude another.*—One member of a partnership has no right to exclude another therefrom against his will; and, having done so, can be held liable on a bill to dissolve and settle the partnership.

2. *Partnership; settlement, when binding.*—When partners, who are *sui juris*, make a dissolution and settlement of a partnership, such settlement is binding between them, and cannot be opened except for fraud, accident or mistake.

3. *Partnership; partial settlement on dissolution.*—On dissolution of a partnership, the partners may make a partial settlement of partnership matters, which is binding only so far as it goes and need not have the effect of estopping either party to seek and enforce a final settlement.

4. *Same; burden of proving settlement of partnership.*—Where complainant, in a suit to dissolve and settle a partnership, has alleged and proven the existence of the partnership, and defendant claims that the partnership has been settled, the burden is on the defendant to establish the defense of settlement.

APPEAL from Tuscaloosa County Law and Equity Court.

Heard before Hon. J. J. MAYFIELD.

The facts are sufficiently stated in the opinion.

A. B. McEACHIN, for appellant.

FOSTER & OLIVER, for appellee.

HARALSON, J.—The bill alleges that the complainant, N. T. Harris, formed a partnership with the defendant, S. B. Harris, in the month of January, 1897, to practice dentistry, and on or about the 25th February 1898, respondent excluded complainant from their joint dental office and denied him all participation in

the practice and earnings of the business which they had jointly built and carried on as partners, for more than twelve months.

He alleges that the partnership was an equal one; that he put into said partnership business the sum of, to-wit, $250, in excess of that put in by the respondent, and that respondent used and drew out of the income and profits of the partnership for his individual purpose, the sum, to-wit, of $700 in excess of what complainant received therefrom.

It is alleged further, that respondent refused to make any division of the cash on hand, or of the choses in action, working material, office furniture and fixtures of the partnership, but forcibly took and retained possession of the same and converted it to his own use, and that complainant's interest in the property of the firm, exclusive of the cash on hand and choses in action was of the value of $200. All of the debts of the partnership, it is alleged, were paid off.

The answer denied that there was ever any partnership formed between defendant and complainant, as alleged in the bill, but alleges that some time in January, 1897, the complainant, being a brother of defendant, came to Tuscaloosa from the State of Texas, being, when he arrived, without money, necessary clothing, employment or means of making a living, and upon the earnest request of complainant and Henry Harris, a brother of complainant and respondent, respondent, who had been in the practice of dentistry in the town for many years, and had built up a large and lucrative practice, allowed complainant to come into his office, and do whatever work he could obtain, agreeing to charge him nothing for the use of the office, and of respondent's instruments, material, appliances and fixtures, and allow him to have all he could make by such work; that he aided him with necessary funds and allowed him to collect accounts due respondent and retain such collections for his own use; and complainant continued in this way up to about the 5th February, 1898, when respondent informed him, that he could no longer stay in his office, and ordered him to get another location; that respondent took this course because com-

14s

plainant had been disagreeable to him in denunciatory harangues against religion and religious matters in the hearing of callers at the office, to their great annoyance, and to the detriment of respondent's business; that desiring to separate with him amicably and to avoid dispute, he gave complainant a dental chair, bed and bed clothing, some rocking chairs, two center tables, five or six rugs, half of the dental material on hand, and sundry other things, at which complainant expressed himself satisfied, and made no claim that respondent was owing him anything, as on a settlement of a partnership or otherwise, and that said articles were accepted by him in full settlement of any and all claims or differences claimed by him, etc., etc.

The prayer of the bill was for a dissolution and settlement of the alleged partnership.

Much evidence was taken on each side, and by its great preponderance shows, that the partnership as alleged in the bill was formed between the parties, and the court below so found. It not only shows this, but also, that it was formed at the instance and request of the defendant, who procured complainant through his own letters, and by the interposition of their common friends, to leave Texas, where he was then located, and to come to Tuscaloosa to form this partnership. The evidence is conflicting as to what each put into the partnership, and took from the profits and assets of the firm. It shows, also, that the partnership was dissolved, on or about the time alleged, not by mutual consent, but because the defendant terminated it by telling complainant, as he himself states in his answer, that he could no longer stay in the office, and ordering him to get another location, which the complainant did, and moved out of the partnership office. That there was a division of the office fixtures, furniture and appliances between them, and that complainant took such part thereof as was assigned to him, the evidence satisfactorily establishes. We will not here review it. But, it does not show to our reasonable satisfaction, that this was intended as a settlement of the partnership between the co-partners. How could it have been such, when the defendant himself, denies so positively in his

[Harris v. Harris.]

answer, and swears in his deposition, that no partnership had ever been entered into or existed between him and complainant, and that complainant was given, simply, accommodation quarters in respondent's office for the purpose of aiding him for the time being, and when complainant, as a witness, denies that there has ever been any final settlement between them? What was done in the division made, of the office belongings, according to defendant's averments in his answer, and his testimony, was not a final settlement, and could not have been one, of the partnership affairs between the two.

One member has no right to exclude another member of a partnership therefrom, against his will, as seems to have been here done.—2 Bates on Part., 591. When partners who are *sui juris* make a dissolution and settlement of a partnership, such settlement is binding between them, as much so as a decree of a court could make it, and it cannot be opened except for fraud, accident or mistake.—*Scheuer v. Berringer*, 102 Ala. 220. On a dissolution, we know of no principle of law forbidding them to make a partial settlement of their affairs, without such settlement having the effect to estop either to seek and to enforce another and a final settlement. "Whenever," says Mr. Parsons, "there is a dissolution of a partnership, for any cause, it would seem there must be an account, if it be demanded by any party in interest."—Parsons on Part., § 408. A final balance on account should be an absolute termination of all the partnership accounts between the parties.—*Ib.* § 194. A partial settlement is good, if fairly made, so far as it goes, and is binding only to that extent.

The defendant has not shown that the partnership, as he alleged, did not exist, but complainant made good the averment of his bill, that one was formed and existed to a specified date between them; nor has defendant shown, that there has ever been any account for or final settlement between himself and complainant of their partnership matters. Under the pleadings, and in any phase in which the case may be viewed, the plaintiff having established the partnership, the burden was on defendant to establish the defense of settlement, which he has not done to our satisfaction.

[Barr *et al.* v. Weaver, Executrix.]

The decree of the county court must be reversed and the cause remanded for further proceedings in accordance with this opinion.

Reversed and remanded.