# Pace *v.* Smith.

### *Bill in Equity for settlement of Partnership.*

1. *Partnership; sale by one partner to another; adequate legal remedy.*—Where on a dissolution of a partnership, one of the partners sells his interest in the partnership property to the other partner, or to a firm of which the other partner is a member, such a sale operates a change in the position of the seller whereby he no longer has any claim, based upon the existence of the partnership relation, which justified an accounting between the two partners; and the compensation agreed to be paid must be enforced at law, and the selling partner cannot maintain a bill in equity for a settlement of the partnership and an accounting.

APPEAL from the Chancery Court of Jefferson.

Tried before the Hon. JOHN C. CARMICHAEL.

The appellant in this case, Edward M. Pace, filed a bill of complaint against the appellee, Edward A. Smith, his former co-partner, asking for an accounting and settlement of the partnership affairs. The bill as amended averred the formation of a partnership composed of the plaintiff and the defendant, and engaging in business by the partnership so formed, and the dissolution thereof; that on the dissolution of the partnership it was agreed between the partners that the complainant should sell his interest in the partnership, and that he should be paid a sum of money equal to the entire assets of the partnership after taking an inventory and deducting the indebtedness thereof; that the defendant himself would pay complainant one-half of the difference between said entire assets and the amount contributed by the complainant; that this sale was made by the defendant; that at the time of the dissolution the defendant was in possession of all the goods and assets of the co-partnership, which he had turned over to the new firm of which he was a member; that the defendant had never paid complainant anything, and had failed to account to him for the money that was due complainant in accordance with the terms of said dissolution. The complainant prayed for an accounting and settlement by the defendant of the co-partnership, and that the defendant be required to make settlement with the complainant in accordance with the terms of the agreement of dissolution.

The defendant moved to dismiss the bill for want of equity. On submission of the case upon this motion, the chancellor rendered a decree sustaining it and ordering the bill dismissed. From this decree complainant appeals and assigns the rendition thereof as error.

JAMES A. MITCHELL and FRANK DEEDMEYER, for appellant, cited *Haynes v. Short,* 88 Ala. 562; *Glover v. Hembree,* 82 Ala. 324; *Tutwiler v. Dugger,* 127 Ala. 191; 15 Ency. Pleading & Practice, 1054, 1082.

JOHN C. FORNEY, *contra*, cited *Robinson v. Bullock*, 58 Ala. 623; *Knotts v. Tarver*, 8 Ala. 745; *Brown v. Burnam*, 99 Ala. 114.

TYSON, J.—We agree with the chancellor that the averments of the bill show a sale by complainant of his interest in the partnership property to the respondent. The case, therefore, is governed by the principles declared in *Brown v. Burnam*, 99 Ala. 114, and cases there cited.

Affirmed.