# Adams v. Atkison.

## Bill for Settlement of Partnership.

(Decided Dec. 17, 1908.  Rehearing denied Jan. 14, 1909.
48 South. 346.)

*Partnership; Private Accounting and Settlement.*—In the absence of evidence of fraud or mistake, or that a part of the firm business remained unsettled, the fact that third persons appointed by the partners to make the final settlement of the partnership affairs went over the business of the firm of the co-partner, adjusted the accounts, paid the firm debts, assigned to one of the partners all debts due to the firm, divided the goods and executed an instrument reciting such a division and that they had made satisfactory settlement of the firm business, was conclusive on the other party, and a complete answer to a bill for a settlement of the partnership.

APPEAL from Barbour Chancery Court.

Heard before Hon. LUCIAN D. GARDNER.

Bill by J. D. Adams against D. G. Adkinson for the settlement of a partnership.  Decree for respondent and complainant appeals.  Affirmed.

P. A. MCDANIEL, and J. A. ADAMS, for appellant.  The allegations of the bill are admitted and no proof is required.—*Prestridge v. Wallace*, 46 South. 970; *Berry L. Co. v. Garner*, 142 Ala. 488; *Grady v. Robinson*, 28 Ala. 289; *Moog, et al. v. Barrow*, 101 Ala. 209.  The court erred in refusing to grant relief.—*Ala. G. I. School v. Reynolds*, 143 Ala. 579; *Young v. Powell*, 87 M. O. 128; *Harris v. Harris*, 132 Ala. 208; *Haynes v. Short*, 88 Ala. 562; 94 Ala. 116; 66 Ala. 538.

[Adams v. Atkinson.]

PEACH & THOMAS, for appellee. Where partners who are sui juris make a dissolution and settlement of partnership, such settlement is binding between them and cannot be opened except for fraud, accident or mistake. —*Harris v. Harris*, 132 Ala. *Scheuer v. Berringer*, 102 Ala.; *Cowan v. Jones*, 27 Ala.; *Shepherd v. Smith*, 20 Ala. 752.

SIMPSON, J.—The bill in this case was filed by the appellant against the appellee for the settlement of a partnership. The answer sets up the defense that a settlement of the partnership had been made, and the only reply of the complainant is that said settlement was merely a division of the goods on hand and did not settle the partnership business.

The answer does not point out, or designate particularly, any part of the partnership business which is left unsettled, and the evidence shows that certain parties were appointed by the complainant "to make final settlement of the partnership affairs;" that they consumed eight days in going over the business with the defendant; that they reported from time to time to the complainant; that they adjusted the accounts between the partners; that they paid off the debts of the firm; that all of the debts due to the firm were assigned to one of the partners in the settlement, and the goods were divided; and that they signed and delivered the written evidence of their work in the following words, to wit: "This is to show that R. W. Brown and A. B. Adams have this day divided the goods of the firm of D. G. Adkinson & J. M. Adams, factor for J. A. Adams, and made satisfactory settlement of the same."

We think the chancellor correctly decided that the settlement was a settlement of the parnership business, and that, there being no evidence of fraud, accident, or mis-

[Davis, et al. v. Taylor-Lowenstein & Co.]

take, nor of any part of the partnership business still remaining unsettled, the bill was properly dismissed.— *Harris v. Harris*, 132 Ala. 208, 211, 31 South. 355; *Scheuer v. Berringer*, 102 Ala. 216, 220, 14 South. 640; *Cowan v. Jones*, 27 Ala. 317, 325; *Desha & Sheffield v. Smith*, 20 Ala. 752.

The decree of the court is affirmed.

TYSON, C. J., and HARRISON and DENSON, JJ., concur.