(85 South. 392)
**BERGER v. DEMPSTER. (8 Div. 215.)**

(Supreme Court of Alabama. April 3, 1920. Rehearing Denied May 30, 1920.)

**1. Appeal and error ⚖≈500(2)—Record held not to show ruling on demurrer to particular count.**

Where the judgment entry recited the filing of demurrer to the complaint and the overruling of the same and the complaint contained four counts and it did not appear that there was a specific ruling upon a demurrer to count four, defendant on appeal cannot complain of the demurrer to that count.

**2. Partnership ⚖≈264—Partner's transfer of interest causes dissolution.**

The transfer by one partner of his interest in the firm operates as a dissolution.

**3. Partnership ⚖≈296(1) — Where partners agreed as to payment of debts, of dissolved firm, partner paying same may recover at law.**

Though only a chancery court can settle partnership accounts between partners, yet, where the firm was dissolved by one partner's sale of his interest and the two agreed that plaintiff should pay the debts of the firm and defendant would reimburse him, the plaintiff may in such circumstances recover at law.

**4. Appeal and error ⚖≈1008(1)—Finding by court has force of verdict.**

Where the evidence was heard by the court, its findings of fact is equivalent to a verdict.

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by George R. Dempster against Knox Berger, begun by attachment, in assumpsit. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 4 is as follows:

Plaintiff claims of the defendant the sum of $1,680.87. In this, that at one time plaintiff and defendant were interested in the partnership known as the Dempster-Berger Company, which had ceased to operate, and after its assets were disposed of there remained outstanding bills due and owing various creditors for which plaintiff and defendant were liable, and on, to wit, March 1, 1919, defendant after examining the list of the outstanding bills amounting to $3,361.74, agreed with plaintiff that he would pay one-half of these bills and requested the plaintiff to handle the matter for him, which plaintiff did and paid out for the defendant the sum of $1,680.87, which defendant after demand has refused to pay.

The demurrers raised the question that it appears that it is a partnership account and the complaint fails to show or allege that there was a settlement of accounts and a balance struck. Counts 1, 2, and 3 were on the common counts. Defendant pleaded the general issue and that the contract set up in the fourth count was void under the statute of frauds, in that it seeks to hold defendant liable for the debt of another and fails to allege or show any agreement, or some note or memorandum thereof expressing the consideration in writing, subscribed by the defendant or some other person by defendant thereunto lawfully authorized in writing.

Joseph H. Nathan, of Sheffield, and Lange & Simpson, of Birmingham, for appellant.

The court erred in overruling demurrers to the fourth count, and this raises the main question. 1 Ala. 521; 13 Ala. 768; 15 Ala. 710; 3 Ala. 347; 66 Ala. 538; 85 Ala. 311, 4 South. 653; 88 Ala. 566, 7 South. 157. The plaintiff is estopped to deny that the change was without his consent. 72 Ala. 422, 47 Am. Rep. 422; 30 Cyc. 652; 2 Lindley on Partnership, 944; 14 Johns. (N. Y.) 38, 7 Am. Dec. 427; 16 Ohio, 166; 1 Brock. 33, Fed. Cas. No. 13,719.

Mitchell & Hughston, of Florence, for appellee.

The case was tried by the court without a jury, and its findings will not be disturbed, unless clearly erroneous. 200 Ala. 212, 75 South. 970; 188 Ala. 354, 66 South. 14; 192 Ala. 173, 68 South. 325; 154 Ala. 60, 45 South. 893. The plaintiff was entitled to recover on the common count as well as the count on the special contract. 162 Ala. 433, 50 South. 381, 136 Am. St. Rep. 52; 188 Ala. 196, 66 South. 88; 5 C. J. 138.

ANDERSON, C. J. [1] The defendant filed a demurrer to count 4, and assigns as error the action of the trial court in overruling said demurrer to count 4. The judgment entry recites the filing of demurrer to the complaint and the overruling of same. The complaint contains four counts, and from aught that appears from the judgment entry there was no specific ruling upon a demurrer to count

⚖≈For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

4. Alabama Chemical Co. v. Niles, 156 Ala. 298, 47 South. 239.

[2-4] We, of course, realize and appreciate the general rule that only the chancery court can settle partnership accounts between partners, but think that the facts in this case bring it within the exceptions to the rule. The plaintiff's evidence in effect showed that defendant had previously withdrawn from the firm, and that at the time of the negotiations between him and the plaintiff looking to a settlement of the liabilities of the firm the partnership had ceased business and was not in existence; "that the unpaid claims is all there is left of the old partnership;" that plaintiff had a list of the unpaid bills due by the partnership, and defendant admitted that he was liable for one-half of same; "that defendant told witness to make settlement of the claims and he would pay half of it;" that plaintiff paid said claims and subsequently demanded of the defendant the half he had agreed to pay. We think that these facts sufficiently show a termination of the partnership between the plaintiff and the defendant, a settlement between them, and an express promise by the defendant to pay the plaintiff one-half of what he had paid out on the request of the defendant in the adjustment of claims for which defendant admitted a liability with the plaintiff. The transfer by the defendant of all his interest in the firm to Timberman, a stranger, necessarily operated as a dissolution of the then existing partnership. Monroe v. Hamilton, 60 Ala. 226; Goldsmith v. Eichold, 94 Ala. 116, 10 South. 80, 33 Am. St. Rep. 97. The partnership having been dissolved, and the plaintiff and defendant having had a settlement or agreement between themselves as to their respective liability, and the defendant having requested the plaintiff to settle same and agreeing to reimburse him for his half, plaintiff was authorized to maintain an action at law against the defendant under the case of Lyon v. Malone, 4 Port. 501, and authorities there cited, and which said case has been recognized and differentiated in the cases relied upon by appellant. Phillips v. Lockhart, 1 Ala. 521; De Jarnette v. McQueen, 31 Ala. 230, 68 Am. Dec. 164. The plaintiff's theory seems to have been established by the weight of the evidence; but, be this as it may, it was accepted by the trial court who saw and heard the witnesses, the evidence being ore tenus, and its action on the facts is like unto the verdict of a jury.. Thompson v. Collier, 170 Ala. 469, 54 South. 493; Hackett v. Cash, 196 Ala. 408, 72 South. 52; Finney v. Studebaker, 196 Ala. 422, 72 South. 54.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes