### JONES et al. v. CADE. (4 Div. 781.)

(Court of Appeals of Alabama. Oct. 31, 1922.)

1. **Partnership** ☞108—**Partner who paid judgment on note could not, prior to settlement of business, bring action at law against copartners.**

A partner, who pays judgment rendered in action on partnership note, could not, prior to settlement of partnership business, bring an action at law against copartners.

2. **Partnership** ☞108—**Prior to settlement of partnership business, one partner cannot maintain an action at law against another as to partnership affairs.**

Prior to settlement of partnership business, even after dissolution of the firm, one partner cannot maintain an action at law against his copartner with reference to partnership affairs, since it is ordinarily impossible to determine whether one partner is indebted to another until settlement of partnership accounts, and the process and remedies afforded by a court of law are not usually adequate or appropriate to the investigation of claims requiring such an accounting.

3. **Partnership** ☞109—**Partner, forced to pay firm debt, has right of accounting and contribution in equity.**

A partner, forced to pay firm debts, has a right of accounting and contribution from his copartner in equity.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by J. M. Cade against R. D. Jones and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Chauncey Sparks, of Eufaula, for appellants.

A partner cannot maintain a suit against his copartner for demands growing out of the partnership business, unless there has been a settlement and a balance ascertained to be due him. 30 Cyc. 461; 31 Ala. 230; 1 Ala. 531; 5 Ala. 451; 158 Ala. 186, 48 South. 495; 204 Ala. 305, 85 South. 392. The affirmative charge should be given for defendant when the plaintiff fails to make out a cause of action, either by failure of evidence or by application of law. 38 Cyc. 1563; 158 Ala. 186, 48 South. 495; 31 Ala. 230.

A. H. Merrill & Son, of Eufaula, for appellee.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellants, together with appellee, were, and are, so far as the record discloses, members of a partnership doing business under the name of the Eufaula Cash Store. Signing the name of the partnership, and his name as president, the appellee executed and delivered to the Bank of Eufaula a note for $491.56, the amount of the note being for money loaned by the bank to the partnership, and which went into the partnership business. Before the money was loaned these appellants, who were also members of the partnership, signed their names on the back of the note. On nonpayment of the note suit was brought against the Eufaula Cash Store and the appellee, and judgment recovered against both, by nil dicit, after the appellee had filed a plea that the note was not signed by him as an individual, but as president of the partnership. Execution being afterwards issued the amount of the judgment was paid by appellee, and this is a suit reciting said judgment, its payment by appellee, and claiming by contribution of the appellants their proportionate part of the judgment rendered against appellee, for that the appellants were co-makers and co-obligors of said notes. The trial court gave the general affirmative charge for the appellee.

[1, 2] Further than to state that issue was joined on the plea of the general issue, it will not be necessary to consider the ruling of the trial court on the pleading, as under the law applied to the undisputed facts in the case, the appellee cannot recover in a court of law. The trial court erroneously refused to permit the appellants to show in what capacity they executed the note, the circumstances attendant upon the execution of the note, and the court proceedings whereby the Bank of Eufaula obtained judgment on this note against appellee, but, as all of these facts were brought out by the appellee, the case rested on the facts as testified to by appellee, and the witness Wild, president of the Bank of Eufaula, who were the only witnesses for appellee, and whose version of the transaction was no doubt, a true and correct statement of the facts, and such as the appellants would have stated, as indicated by the question propounded to them. As stated above, the beginning, execution, and completion of the whole transaction, whereby the note was given, was for a loan of money to the partnership, which money went into and was used for partnership purposes. This being confessedly so, a suit cannot be maintained, at law, between partners as such, by reason of the partnership relation. There is no rule forbidding suits at law between partners individually, but prior to a settlement of partnership business one partner cannot maintain an action at law against his copartner with reference to partnership affairs. Bumpass v. Webb, 1 Stew. 19, 18 Am. Rep. 34.

The reason for this rule is that it is ordinarily impossible to determine whether the defendant partner is indebted to the plaintiff partner or not until the partnership accounts are settled and the true standing of the parties ascertained; and the process and remedies afforded by a court of law are not usually adequate or appropriate to the investigation of claims requiring such an accounting. Mechem, Partnership, § 133. Even after dissolution there is no right to sue until there has been a settlement. Modern Law of Partnership, vol. 2, §§ 741, 743; Philips v. Lockhart, 1 Ala. 521; Calvert v. Marlow, 6 Ala. 337; De Jarnette's Ex'r v. McQueen, 31 Ala. 230, 68 Am. Dec. 164; Haynes v. Short, 88 Ala. 562, 7 South. 157; Merrill v. Smith, 158 Ala. 186, 48 South. 495.

In Story on Partnership, p. 364, after stating many reasons why at law one partner cannot maintain a suit against the other partners for moneys paid, or advanced, or contributed, or liabilities incurred, on account of the partnership, the writer then says:

"But a reason, far more satisfactory, because it is in no shape founded upon technical principles, is, that until all the partnership concerns are ascertained and adjusted, it is impossible to know whether a particular partner be a debtor or a creditor of the firm; for although he may have advanced large sums of money on account thereof, he may be indebted to the firm in a much larger amount. * * * If one partner could recover against the other partners the whole amount paid by him on account of the partnership, they would immediately have a cross-action against him for the whole amount, or his share thereof; and, if he could only recover their shares thereof, then, in order to ascertain those shares, a full account of all the partnership concerns must be taken, and the partnership itself wound up."

[3] In equity the partner forced to pay firm debts has his right of accounting and contribution from his copartner. Webb v. Butler, 192 Ala. 294, 68 South. 369, Ann. Cas. 1916D, 815.

In the case of Pollard v. Stanton, 5 Ala. 451, a case very much like the case in hand, the Supreme Court said:

"Again, the evidence offered was to prove that the plaintiff and defendants were partners, and that the demands for which the notes were given, were partnership debts, as between the plaintiff and defendants. If the presumption arises, as we have seen, that ordinary joint makers know in what character each has signed, much more may it be presumed that partners who are giving a note for a partnership demand, must be acquainted with the character which they bear in relation to each other.

"Can one partner maintain an action at law against another, for moneys paid, advanced, or contributed on account of the partnership? We answer, he cannot. * * *

"Such being understood, as the true principle which governs the question—it follows necessarily, that a plea might be so framed with proper averments, as to constitute a bar to a plaintiff's recovery. Such a plea was not, however, filed in this case, but there was issue joined on plea of nonassumpsit, and we do not doubt that the evidence was admissible under that plea; because it went to show that the demand sued for was not a legal one, and that the plaintiff had no right to recover in a court of law; for if the plaintiff did pay the money, he paid it as well for himself, as for others, who were his partners, and we have seen, that in such a case an action at law will not lie."

See, also, Berger v. Dempster, 204 Ala. 305, 85 South. 392, 30 Cyc. 461. The affirmative charge should have been given for the defendants.

Reversed and remanded.