25 So.2d 137

MOODY v. HEADRICK.

6 Div. 410.

Supreme Court of Alabama.

March 7, 1946.

456

Earney Bland, of Cullman, and S. A. Lynne, of Decatur, for appellee.

Kilpatrick & Entrekin, of Cullman, for appellant.

STAKELY, Justice.

This is an appeal from a decree of the equity court sustaining the demurrer to a bill in equity. The sole question here presented is whether under the allegations of the bill, complainant has a plain and adequate remedy at law.

O. W. Moody (appellant) and T. R. Headrick (appellee) were partners doing business under the firm name of Headrick & Moody Coal Company, the principal place of business being in Cullman County, Alabama. On April 5, 1945, O. W. Moody and T. R. Headrick entered into a written contract, copy of which is attached as an exhibit and made a part of the bill, for the purpose expressed therein of discontinuing and dissolving the partnership for the operation of a coal business. Under the terms of the agreement O. W. Moody "is to take and receive the coal business, but not the farming or cattle business, together with accounts of bills receivable due the coal business for coal sold on credit." O. W. Moody is "authorized to collect and receipt for said sums due the former firm." According to the contract O. W. Moody is to receive the two Chevrolet trucks which have been owned and operated by the firm and T. R. Headrick "sells, transfers and conveys all his interest in said trucks to the said O. W. Moody." Also "T. R. Headrick is to pay the said O. W. Moody the sum of $4,000, of which $1,500 is paid in

cash, the balance of $2,500 as soon as O. W. Moody vacates the property of T. R. Headrick or his wife Naomi Headrick."

In consideration of the foregoing, O. W. Moody conveys to T. R. Headrick all right, title or interest in the real estate of T. R. Headrick or Naomi Headrick, "which he may have heretofore acquired or claimed." O. W. Moody also "agrees to and does hereby relinquish any and all claims to any of the cattle, or livestock or farm machinery or farm products that may have been acquired through the efforts of the partnership or used in connection with the business."

The contract also provides, "That the partners agree to hereafter not disturb each other in the peaceable conduct of their businesses, or their property rights."

The bill alleges that the respondent (T. R. Headrick) has failed and refused on demand to deliver to complainant one of the coal trucks as provided in the contract and has converted to his own use the sum of $203.32, which by the terms of the contract was the property of complainant, by endorsing and collecting a check of Fulton Springs Tourist Camp, Inc., for this amount payable to the order of Headrick & Moody Coal Co., the check being given in payment of an account.

The bill charges "that the respondent will, in the future, attempt to interfere or harass him in the operation of his coal business, and has threatened that 'I will get you', meaning complainant."

The bill avers that complainant "is entitled to an accounting from the respondent by way of enforcing delivery of said coal truck and the payment of the $203.32 which respondent wrongfully received * * *; and to be protected from future threats and interferences at the hands of the respondent in the conduct of complainant's business as provided in said contract of dissolution."

The bill prays (1) for a decree that the respondent deliver the coal truck and fixing the damages for its detention, (2) for a decree against the respondent for $203.32, with interest, and (3) a decree restraining respondent from collecting any debts still outstanding in the name of Headrick & Moody Coal Co., and restraining respondent from threatening, interfering or harassing complainant in the operation of his coal business.

It is ordinarily true that one partner cannot bring an action at law against the other partner on any claim arising out of their partnership dealing, unless there has been a settlement of partnership accounts and an ascertained balance found to be due from one to the other. Broda v. Greenwald, 66 Ala. 538. And it is the general rule "that only the chancery court can settle partnership accounts." Berger v. Dempster, 204 Ala. 305, 85 So. 392; Jones et al. v. Cade, 19 Ala.App. 27, 94 So. 255. In the light of these principles it is insisted that legal remedies are not available because the bill shows that there has been no settlement of partnership accounts.

But here the claims of the complainant for the truck and for the proceeds of the check require no accounting and a final closing of partnership affairs to ascertain what, if any, balance is due to each partner, because the claims of the complainant here sought to be enforced, are to be determined, not by accounting, but by the terms of the contract of sale made between the parties. The rights of the parties under this contract must be enforced by legal remedies unless the inadequacy of such remedies is shown. Here the validity of the contract is not questioned. In fact the complainant is claiming under it. And there is nothing to show that the respondent is insolvent. Brown, Adm'r v. Burnum, 99 Ala. 114, 12 So. 606; Pace v. Smith, 137 Ala. 511, 34 So. 1006; Tillis et al. v. Folmar, 145 Ala. 176, 39 So. 913, 117 Am.St. Rep. 31, 8 Ann.Cas. 78.

Furthermore, even if there has been no final settlement of partnership affairs—something which is not necessary to decide—partnership affairs relating to the coal business have certainly been withdrawn or separated from other partnership matters and made the foundation of a distinct settlement. There can be no objection to this as between the partners, even if other accounts remain unadjusted. Jackson v. Stopherd, 2 Crompton & Meeson's Reports 361, 149 Reprint 800; 47 C.J. 1195.

The allegation "that the respondent will, in the future, attempt to interfere or harass him in the operation of his coal business, and has threatened that 'I will get you'," appellant, is entirely too vague and indefinite and lacking in factual statement to authorize equitable relief. Cullman Property Co. v. H. H. Hitt Lumber Co., 201

Ala. 150, 77 So. 574; O'Rear v. Sartain, 193 Ala. 275, 69 So. 554, Ann.Cas.1918B, 593; McHan v. McMurry, 173 Ala. 182, 55 So. 793.

We conclude that complainant has plain and adequate remedies at law, and the court was correct in sustaining the demurrer to the bill.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.