28 So.2d 922

THOMSON v. BUCKNER.

6 Div. 519.

Supreme Court of Alabama.

Jan. 16, 1947.

Wright, McFarland & McGuire, of Tuscaloosa, for appellant.

Mize & Spiro, of Tuscaloosa, for appellee.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of James A. Thomson (appellant) to the bill of complaint of Hugh B. Buckner (appellee). The bill of complaint in substance shows the following. Hugh B. Buckner and James A. Thomson formed a partnership on March 1, 1941, wherein they shared both profits and losses equally. The purpose of the partnership was to conduct a business of purchasing and operating vending machines, including music box machines (Rockolas). Both parties owned certain music box machines individually. It was agreed that such machines so owned, together with the profits derived from the operation thereof, would remain the property of the individual owner. However, all machines purchased subsequent to the formation of the partnership would become partnership assets.

The partnership known as the Bama Amusement Company was operated by the parties until March 15, 1946, when it was decided that the partnership should be dissolved and the partnership assets and liabilities divided. The bill of complaint then contains the following.

"III. That your complainant and respondent conferred on the dissolution of said partnership and the division of partnership assets and liabilities therein, and that your complainant claimed and still claims and alleges that certain music box machines were under the aforesaid partnership agreement to be considered and were in fact partnership property in which the complainant and respondent each owned a one-half interest; that the respondent represented to the complainant that it would be desirable to formally dissolve the partnership as of March 15, 1946, and that such disputed partnership property would be 'cleared up' between the complainant and the respondent at a later date, and the complainant acting upon such representation of the respondent agreed to the formal dissolution of the partnership with the clear understanding by and between the complainant and the respondent at such time and on express representation by the respondent to the complainant that it was agreeable with the respondent to settle and divide the aforesaid disputed partnership property at a subsequent date inasmuch as the respondent considered that such disputed matters 'should be cleared up just between' the complainant and the respondent without the arbitration or interference of any third party; and the complainant acting upon such representation of the respondent did formally agree on or about March 15, 1946, to the dissolution of said partnership known as Bama Amusement Company.

"That although the complainant upon the representation of the respondent as set forth in paragraph III of said bill of complaint did agree to the formal dissolution of said partnership, your complainant would show unto this Court that although he has requested the respondent several times since the dissolution of said partnership to account for and divide said disputed partnership property, that the respondent has refused to do so, and the complainant would further show unto Your Honor that the respondent is withholding from the complainant certain music box machines from division between the complainant and the respondent, which music box machines un-

der the partnership agreement constituted partnership property. * * *"

We quite agree with appellant that "when partners who are sui juris make a dissolution and settlement of a partnership, such settlement is binding between them, as much so as a decree of a court could make it, and it cannot be opened except for fraud, accident or mistake." Harris v. Harris, 132 Ala. 208, 31 So. 355, 356. However, this court in the same case further said: "* * * On a dissolution, we know of no principle of law forbidding them to make a partial settlement of their affairs, without such settlement having the effect to estop either to seek and to enforce another and a final settlement. 'Whenever,' says Mr. Parsons, 'there is a dissolution of a partnership, for any cause, it would seem there must be an account, if it be demanded by any party in interest.' Pars.Partn. 408. A final balance on account should be an absolute termination of all the partnership accounts between the parties. Id. § 194. A partial settlement is good, if fairly made, so far as it goes, and is binding only to that extent."

As indicating that a partial settlement may be made between the partners, leaving phases of the partnership unadjusted, this court in Moody v. Headrick, 247 Ala. 455, 25 So.2d 137, 138, said: "Furthermore, even if there has been no final settlement of partnership affairs—something which is not necessary to decide—partnership affairs relating to the coal business have certainly been withdrawn or separated from other partnership matters and made the foundation of a distinct settlement. There can be no objection to this as between the partners, even if other accounts remain unadjusted. * * *"

There can be no doubt that the present bill falls far short of being sufficient as a bill to reopen and surcharge a partnership accounting. There is no allegation of fraud or accident nor are errors or omissions so specifically and clearly alleged as to justify correction thereof. Scheuer v. Berringer, 102 Ala. 216, 14 So. 640. Nor does complainant attempt to acquit himself of negligence in discovering error or fraud. Brody v. Maril, 208 Ala. 464, 94 So. 764.

But the bill does allege a "clear understanding" between the partners that settlement as to certain music box machines was deferred and would be the subject of a subsequent settlement. Accordingly we do not consider the bill as a bill to reopen and surcharge a partnership account, but as a bill for an accounting and settlement of unadjusted partnership matters. Viewed from this standpoint and assuming that the allegations speak the truth, as we should on demurrer, because we are not here passing on questions of evidence, we do not consider that the demurrer pointed out substantial defects in the bill.

Affirmed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.