## ZIMMERMAN *vs.* HUBER.

[BILL IN EQUITY FOR SETTLEMENT OF PARTNERSHIP ACCOUNTS AFTER DISSOLUTION.]

1. *Compensation to partner for services.*—Each partner is bound to bestow his attention and services in promotion of the general interest of the firm, and neither is entitled, in the absence of a special agreement, to compensation for such services; nor can either partner claim compensation for the services of apprentices, though their board, clothing, and necessary expenses are proper charges; but a partner may prefer a claim for valuable services rendered by his child.
2. *Evidence of admissions.*—If a party offers in evidence his adversary's letters, they become evidence as well for as against the writer; and if received to charge him, they should also be heard to discharge him.
3. *Liability of partner for profits on individual purchase.*—If the damaged goods of the firm are sold at auction on account of the insurers, and purchased by one of the partners, the benefits of the purchase enure to the firm, and not to himself individually.
4. *Manner of stating account by master.*—In stating the accounts of a mercantile partnership, the master should first ascertain whether the business resulted in profit or loss, and to what extent; and should also dispose of the uncollected debts.

APPEAL from the Chancery Court at Mobile.

Heard before the Hon. J. W. LESESNE.

THE bill in this case was filed by the appellant, seeking the settlement of the partnership accounts between himself and the defendant. The partnership was formed in the fall of 1842, and was dissolved in April, 1845. Its business was the manufacture and sale of tobacco, snuff, cigars, &c.; Zimmerman superintending the manufacture in Philadelphia, and Huber making the sales in Mobile. A partial settlement of accounts was made between the partners in October, 1843, when the firm was found indebted to Huber in the sum of $2,608.06, and a small balance was found against Zimmerman; and Huber permitted the sum due him to remain in the firm as stock. The matters of account being referred to the register and master, he stated an account, showing a balance against Zimmerman of $213.27. Numerous exceptions were taken to the account stated by the master, all of which were

overruled by the chancellor, and these are the only matters now assigned as error ; but, as the legal principles decided by the court will be readily understood from the opinion, it is unnecessary to attempt a statement of the accounts.

George N. Stewart, for the appellant.

A. R. Manning, *contra.*

STONE, J.—The account in this case is stated on an erroneous principle, and entirely fails to do justice to the parties. Neither can it be here corrected, by anything short of a re-statement. We therefore reverse and remand the cause, that the account may be retaken.

Certain legal questions will again arise, and we feel it our duty to determine them at this time.

The pleadings show that this was a general and equal partnership, for the manufacture and sale of cigars, tobacco, &c.; Zimmerman to superintend the manufacture in Philadelphia, and Huber to make the sales in Mobile. Each partner was bound to bestow his services and attention in promotion of the general interest, and neither partner is entitled to any compensation for such services and attention, there being no agreement to that effect.—Bradford v. Kimberly, 3 Johns. Ch. 431 ; Collyer on Partnership, (Perkins' ed.) § 183.

The appellant is entitled to fair compensation for the services of his daughter, provided she was employed about the business, and rendered valuable service. The apprentices must be regarded as the apprentices of the firm ; and no charge can rightfully be made, save for their board, clothing, and other necessary expenses.

The defendant, Huber, has made evidence of several of the letters of Zimmerman. This, under the rule, makes evidence of the entire letters ; entitled to more or less weight, according as they are reasonable, and consistent with the other facts, and with themselves. There is nothing unreasonable in the letters, nor have we discovered in them any material discrepancies. Such portions of them as contain facts material to Mr. Zimmerman, are certainly entitled to some weight. If received to charge him, they should also be heard to

discharge him. These letters show important and continued services, and heavy and repeated expenditures of money by Zimmerman, in procuring materials, and manufacturing and forwarding merchandise to Huber.

The letter of 23d February, 1845, is very persuasive to show that the candy was bought and sold on partnership account.

The purchase made at auction sale of the damaged cigars, must be regarded as made on joint account; and Huber must account to the firm for the profits.—Collyer on Partnership, by Perkins, §§ 184–6.

We can perceive no solid foundation for the charge made by Huber of expenses to and from Philadelphia. The journey does not seem to have been necessary to the business of Zimmerman & Huber. Neither is the firm chargeable with house rent, prior to the settlement in October, 1843. All necessary expenses about the conduct of the business and sale of the merchandise, are proper charges.

Huber, it seems, kept no account of sales, although he admits the sale of merchandise, amounting to thirteen thousand dollars. He was continuously, and at short intervals, receiving shipments and invoices of goods; and now, after the dissolution, he for the first time complains that those invoices were false in amounts and quantities. Twenty thousand cigars are debited to the indefinite account of "smoked, sampled and spoiled." These considerations present the appellee in no very favorable light.

The account is defective, in failing to ascertain whether the partnership resulted in profit or loss, and to what extent. This should have been the first inquiry of the register. Having attained this predicate, correct conclusions would necessarily have followed. There was error in not allowing Zimmerman credit for materials and workmanship in manufacturing; and equal error, in not allowing Huber credit for remittances to Zimmerman. Huber, in his answer, admits he took the balance of stock on hand in Mobile when the firm dissolved, at $2,950; and the report debits him for this item only $2,000. This must be corrected. The report should also have disposed of the uncollected dues.

Zimmerman must account for the balance he owed the firm

in October, 1843, as so much cash; and Huber is entitled to the $2,608, which, the firm owed him, with interest. This interest, however, will only be allowed for one year, as Huber's excess of sales over remittances had at the end of that period paid this demand. On any balance that may be found either way, the register will allow interest.

Whether the parties shall be allowed to adduce other evidence before the register, we leave for the determination of the chancellor, whose means of informing himself in the premises are less restricted than ours.

The above remarks are made in reference to the evidence, as it appears in the record. Should new testimony be adduced, of course the register will give it due weight.

Reversed and remanded.