<hr />

## COLLINS & LANGWORTHY *vs.* OWENS.

[BILL IN EQUITY FOR SETTLEMENT OF PARTNERSHIP ACCOUNTS.]

1. *Mode of stating partnership accounts.*—In stating the accounts of an equal partnership between three partners, under a bill filed by two against the third, the latter being the sole active manager of the business, the profit and loss account should be first adjusted, by ascertaining the gross income and expenses of the partnership, and striking a balance between the two sums; and a separate account with each partner should then be stated, for the purpose of apportioning the profits, or equalizing the losses : a simple debtor and creditor account, between the complainants on one side and the defendant on the other, is incorrect and erroneous.

APPEAL from the Chancery Court at Montgomery.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by the appellants, Robt. C. Collins and William Langworthy, against Richard B. Owens, and sought a settlement of the accounts between the parties as equal partners in a livery stable in Montgomery. After the coming in of the answer, the chancellor ordered a reference of the matters of account to the master. The account was stated by the master in debtor and creditor form, between the complainants on one side, and the defendant on the other, and showed a balance of $596 in the defendant's favor. The complainants reserved sundry exceptions to the account as stated by the master, all of which were over-

ruled by the chancellor, who, on final hearing, dismissed the bill. The errors now assigned are, the overruling of the complainants' exceptions to the master's report, and the dismissal of their bill.

THOS. WILLIAMS, for appellants.

ELMORE & YANCEY, *contra.*

STONE, J.—The two complainants and the defendant entered into an equal partnership in the livery-stable business, commencing about the first day of June, 1845, and continuing about two years. Their contract was not reduced to writing; but the pleadings and proofs show, that Owen was to superintend the business, and to receive from the firm a certain compensation for his services. The testimony of the witness Staples shows what the stipulated compensation was—viz., $300 per annum, and the board of himself and family. We do not, however, determine this question absolutely, but leave it for ascertainment in taking the account.

The property—stable and lot—was purchased from Mr. McGehee for $2000, and an unexpired lease to Staples was bought in for $250—added together, making $2250. One third of this is $750. Collins and Langworthy paid $2150, and Owens $100. Owens was to pay one-third of the purchase-money, and then to receive a deed for one-third of the property. On the 4th June, 1845, Collins and Langworthy gave Owens a receipt for $350, stating therein that the balance due from him was $400. If the $100 paid by Owens to Staples was included in the receipt for $350, then $400 was the proper balance. This satisfactorily explains the receipt, and, we think, is the true state of the case. Owens afterwards paid the $400, and received a deed for an undivided third part of the property. In taking the account, no notice need or should be taken of the $100 paid by Owens to Staples, nor of the payment by Owens to Collins & Langworthy of his third part of the purchase-money.

This, then, being an equal partnership between these partners, it is manifest that an account of debtor and

creditor, stated between Owens on one side, and Collins & Langworthy on the other, can lead to no correct results. A correct adjustment of the account involves, first, an inquiry whether any profits accrued from the adventure. This can only be known by ascertaining what was the gross income of the partnership; and in making this investigation, the register will include the entire income, whether received by one partner or another. Then he must ascertain the entire expenses of the partnership, including an allowance to Owens for his services according to the contract. The difference between these two amounts will show whether the partnership made any profits,—and if so, the amount. Private dealings between the partners, not being income of, or outlay for the firm, and private advances of money, do not enter into this feature of the account. The question on this investigation is, has there been profit or loss? and how much? After ascertaining whether there has been profit or loss, and the amount of it, it follows necessarily that each partner must share equally in this profit or loss. Or, the *status* of the firm may be ascertained, by stating a separate account of each member *with the firm;* not with any other member of it. From the results of these several accountings, the register can readily learn whether there have been profits, and the amount of them.

When the amount of profit or loss is known, an account with each member will become necessary, to enable the register to apportion the profits, or equalize the losses. Collections and disbursements by each, and advances made by one to another, will enter into this account.

It is manifest from what we have said above, that the entire account in this case rests on an unsound basis, and that it must be retaken.—Zimmerman v. Huber, 29 Ala. Rep. 379.

Several of the items in the account, even if the same had proceeded on a correct basis, seem to be improper. We mention only the following: Collins & Langworthy are charged for Patrick's hogs, $80. The answer of Owens (page 25 of the record) says, the hogs were sold and proceeds divided between the partners.

The decree of the chancellor, in overruling the exceptions to the register's report, is reversed,—and the cause is remanded to be proceeded in according to the principles of this opinion.