# Garrett *v.* Robinson.

*Bill in Equity for Settlement of Partnership Accounts after Dissolution.*

1.  *Mode of stating partnership accounts by register.*—In the statement of a partnership account, which involves items of debit or credit against or in favor of one or both of the partners, it is erroneous to state the account in debtor and creditor form as between the partners individually; but the account of each partner with the partnership should be first stated, and then the account between the partners individually on the basis of that result, one-half of the indebtedness of either to the firm being the amount of his indebtedness to the other; and individual debts paid by one for the other, should be charged in the individual account.

APPEAL from the Chancery Court of Monroe.

Heard before the Hon. JNO. A. FOSTER.

The bill in this cause sought a settlement of partnership accounts between the complainant, Robinson, and Caswell Garrett, late partners equally interested in the operation of a saw and grist-mill in said county ; and was filed on 11th June, 1883. The respondent having answered, the chancellor ordered a reference of the matters of account to the register. The register, in executing the reference, stated the account "in debtor and creditor form" between the complainant, Robinson, on the one side and the appellant, Garrett, on the other, and showed a balance of $318.00 in favor of the complainant. The register's mode of stating the account, and the overruling by the chancellor of sundry exceptions taken by the respondent to the report, are here assigned as error.

FARNHAM & RABB, for appellant.

S. J. CUMMING, *contra.*

STONE, C. J.—Stated as the account was in this case, it was and is impossible to reach correct conclusions, and the whole report should have been set aside, and a re-reference awarded, with instructions. In the settlement of a partnership account which involves items of debit and credit against one, or each of the partners, a simple accounting in which one partner is set down as a creditor, and the other as a debtor, can never lead to correct results. This, for the obvious reason that in the

partnership dealings, neither credits nor debits constitute a liability from one to the other. They are credits payable by, and debts due to the firm or partnership. Whether one owes anything to the other or not, does not depend on the amount of the partnership effects he may have received, consumed, or utilized. It depends on the excess of receipts above disbursements on partnership account one may have enjoyed in greater amount than the other, or, on the excess of expenditures for the firm beyond receipts, one may have paid out to a greater extent than the other. To illustrate : Suppose A. & B. are equal partners. A receives of the firm effects ten thousand dollars, and expends for the partnership nine thousand. B. receives one thousand, and expends nothing. Each would have enjoyed one thousand dollars of profit, and neither would owe anything to his co-partner, nor to the firm. The same rule applies when there is a loss. The true result to be arrived at is, that each partner shall receive an equal share of the profits, if there be profits, and each shall sustain an equal amount of the loss, if there be a loss. And if, in taking the account, it be shown that one partner has received or sustained a greater amount of the profit or loss than the other, this does not create a debt from one to the other of a sum equal to the difference. The sum to be paid is one-half the difference, so as to equalize the benefit or burden, as the case may be.

In stating the account, that of each member with the firm must be stated separately. Each must be debited with whatever of the partnership effects have come to his hands. This will include all collections and cash sales made by each, and all partnership effects used by each or converted or applied to individual purposes, or applied with his approval or ratification to his individual uses or debts. He must be credited with all disbursements or expenditures he has made for the firm. In this column of expenditures will be embraced any payment of partnership debts or liabilities, whether made with partnership or individual funds. Robinson will be entitled to a credit in stating his account with the partnership for his proper wages as bookkeeper, and Garrett will be entitled to a credit in his account with the firm for all lumber of his which went into the firm at its formation, and was disposed of by it. He will be charged with the value of the lumber left on the yard at the termination of the partnership, and used by him. The two individual accounts with the firm being thus separately taken, a proper basis will be furnished for stating the account between the partners themselves. And in this third, or final account, each partner must be charged with any individual liability of his, which has been paid or cancelled by the other. The payment alleged to have been made by Garrett to Feagin of the

13

[Higginbotham & Co. v. Clayton & Webb.]

balance of the purchase money note given in the purchase of the half interest in the mill, to the extent Garrett paid the same, falls within this category, and entitles him to a corresponding credit in this final accounting with Robinson. If there be other payments by one, of the individual debts of the other, they are governed by the same rule. And, as we have said, whatever difference the account may discover in profits received, or losses sustained, one-half that sum will be the proper decree against the partner who is found to have the advantage. *Collins v. Owen*, 34 Ala. 66.

Several of the exceptions—notably, the first and second filed by the defendant—ought to have been sustained.

Reversed and remanded.