### LAWLER et al. v. STANFORD.
8 Div. 102.

Court of Appeals of Alabama.
May 7, 1935.

William Stell, of Russellville, for appellants.

Travis Williams, of Russellville, for appellee.

RICE, Judge.

We have no fault to find with appellants' proposition of law No. 1, upon which all their counsel's argument is based, to wit: "Where, in the absence of an expressed contract, valuable services are rendered by one person to another, which are knowingly accepted, the law will assume an obligation to pay for such services what they are reasonably worth." McFarland v. Dawson, 125 Ala. 428, 29 So. 327; Irvin v. Strother, 163 Ala. 484, 50 So. 969. But this principle does not apply to improvements on leased land voluntarily made by the lessee. Alabama & Southern Digest, vol. 18, Landlord and Tenant, ☞ 157(6). We apprehend, because the making of the improvements is primarily, perhaps altogether, for the lessee's own comfort, convenience, and accommodation.

Since the above is true, those assignments of error argued here on behalf of appellants are seen to be without merit. All are based in one way or another on rulings of the court denying appellants' right (they being the tenants of appellee) to recover compensation for improvements claimed to have been put upon appellee's land during the year 1931, when, admittedly, appellants had no agreement with appellee that she would pay for same.

The judgment is affirmed.

Affirmed.