37 So.2d 501

**LINDSEY et al. v. REEVES.**

**4 Div. 478.**

Supreme Court of Alabama.

Oct. 7, 1948.

Rehearing Denied Dec. 2, 1948.

Frank J. Tipler, Jr., of Andalusia, for appellee.

Geo. S. Whaley and Whaley & Whaley, all of Andalusia, for appellants.

FOSTER, Justice.

This is a suit in equity for a partnership settlement after the death of one of the partners by the administratrix of the deceased partner, in which the trial court rendered a final decree in favor of complainant for a definite sum found to be due on the settlement made by the court without a reference.

There was a written agreement of partnership in short form stipulating that it was between W. R. Lindsey, John H. Reeves, and H. Fordham, forming a concrete block works, to which each was to advance one-third of the capital, and be responsible for one-third of the indebtedness; that the net profits to be used to retire capital investment before any of the partners are to receive remuneration. They are to share equally (one-third) of the profits.

John H. Reeves died December 2, 1945, after which the partnership was not operated in the production of blocks for which it was organized; and the bill was filed by his administratrix September 16, 1946. Lindsey and Fordham were made parties defendant. Fordham made answer that after the death of Reeves he had transferred and assigned his interest in the partnership to Lindsey. The evidence sustained that allegation.

The testimony was taken orally before the trial judge who made a finding of facts and entered a decree, from which an appeal was taken by Lindsey and Fordham jointly and severally.

The court found that at the time of the death of Reeves, the partnership had no obligations or liabilities other than $303.00 due Reeves. (Reeves had not provided any of the capital according to the agreement, but paid that amount for certain expenses).

The evidence showed that Lindsey had financed the business and advanced all the capital used of $2677.00, and paid certain operating expenses, except the $303.00 advanced by Reeves.

The finding of the court that the partnership owed no other obligations or liabilities was evidently intended to mean that all advances made by Lindsey had been repaid. The decree as amended also finds that all the assets of the partnership were taken over by respondents prior to filing the bill, and have either been disposed of by them or are now held by them, and have not rendered an accounting to complainant. That the total value of the assets on hand belonging to the partnership at the time of the death of Reeves aggregated $6943.35, less $303.00 due Reeves, as stated above, or $6640.35 as a net balance, of which Reeves was entitled to one-third or $2213.-45, plus $303.00, supra, less $529.00, which had been paid complainant by debtor of the partnership, leaving a net amount due her as administratrix of Reeves of $1987.45, for which a personal judgment was rendered in her favor against Lindsey and Fordham, together with the costs of the cause.

The amended decree also provided that when the judgment has been paid the partnership assets shall become the property of said respondents free from the claims therein set forth.

The account of each partner with the partnership should ordinarily be first stated, and then an account be made between the partners individually on the basis of that result. Garrett v. Robinson, 80 Ala. 192; Collins v. Owens, 34 Ala. 66.

The decree in this case did not find the facts on which to state an account between Lindsey and the partnership. The court found that all the assets of the partnership, except a bank account and an amount collected by complainant, were taken over by the respondents (Lindsey and Fordham) prior to the filing of this bill, and have either been disposed of or are now held by respondents.

The purpose of the partnership settlement is, after paying debts, to make distribution of the assets between the partners, usually by a sale of its tangible assets for cash and distribution of the cash in accordance with the result of the account of each with the partnership. Sometimes the court will order a division in kind of its assets when susceptible of an equal division. 47 Corpus Juris 1169, notes 10 and 20.

The evidence does not show .that Fordham has disposed of any of the property, but has some of it in storage, nor just what part of it was disposed of by Lindsey, and what still remains available. Merely because some of it is in his possession, and he has not made an account with complainant does not render him personally liable for its value in making the settlement.

As a general rule, a personal judgment cannot be rendered against one of the partners in favor of another until the partnership property has been converted into cash and the liabilities of the firm discharged. 47 Corpus Juris 1266, notes 67 and 68. In order to hold a partner liable on settlement for the value of assets held by him, it must appear that he has appropriated the same to his personal use and not if he is merely holding it in storage subject to the result of a settlement.

There was and is a bank account of the firm available of $758.89. The court charged Lindsey and Fordham with that account and the value of 12,000 concrete blocks, thought to be on hand at the time of the death of Reeves, though he does not find that Lindsey and Fordham have disposed of all of them. The evidence shows that Lindsey contributed to the capital assets $2677.00, besides advancing large sums for operating expenses of the busi-

ness which did not make a profit. Reeves paid out $303.00 for the business and has collected $529.00; and it does not appear that Fordham contributed anything, or has appropriated anything.

The court found that the partnership was not indebted to Lindsey or Fordham at the time of the death of Reeves. It seems to mean that Lindsey's capital contribution and amounts advanced for expenses had been paid leaving certain assets in his hands, for a proportionate amount of which a personal judgment was rendered. But his contention is that his capital contributions and advances have not been paid, and the evidence is very vague that they have been. What assets of the partnership Lindsey and Fordham have do not appear to have been appropriated by them, but held only for storage. The exact status of that situation is not made clear by the finding or evidence. Lindsey should not be chargeable with the value of assets which he sold except to the extent that it exceeds the difference between his capital contributions, not returned to him, and those of Reeves; and not then as to assets still held by him as partnership property. The findings do not show that Fordham is liable in any amount on partnership settlement, though he still has some of the property in storage.

The evidence and findings are such that we are not in position to ascertain the detail of facts on which to state an account between the parties on this appeal. There should be more direct evidence of what was paid Lindsey on his capital contributions and advances, either in the form of money received or assets appropriated by him. If all was paid without the use of the assets found by the court to be $6943.35, then he, not Fordham, would be accountable personally to complainant for one-third of that part of it which he has received either in cash or property which he has appropriated or sold, but not for that which he holds as partnership property, and not for any part of the bank account and other items subject to division in kind or which may be sold for division.

█ It is usual for the costs of such a proceeding to be paid out of partnership ef-

fects before a balance for division is ascertained. But this rule is often affected by the result of contested matters on the settlement.

The decree did not give effect to the principles we have discussed.

█ There are some other contentions made by appellant which we do not think are necessary to be discussed. But it is appropriate to observe that the court properly disregarded an oral amendment to the bill so stated at the hearing and before the evidence was taken. It is immaterial that it was not answered. Equity Rules contemplate written pleadings. Rule 28, Code 1940, Tit. 7 Appendix; 30 Corpus Juris Secundum, Equity, § 179, page 635, note 39.

Reversed and remanded.

BROWN, LIVINGSTON and STAKELY, JJ., concur.