48 So.2d 878

### HUNTER v. PARKMAN.
4 Div. 530.

Supreme Court of Alabama.
Nov. 24, 1950.

Smith & Smith, of Phenix City and Chauncey Sparks, of Eufaula, for appellant.

A. L. Patterson and J. W. Brassell, of Phenix City, for appellee.

FOSTER, Justice.

This is an appeal from a final decree by a court of equity in a case which was previously before this Court on an interlocutory matter. The previous appeal is reported in 250 Ala. 312, 34 So.2d 221. A reference to that case will show that the complainant and respondent entered into a written contract of partnership effective for five years from January 1, 1946. The substance of that contract is set out in the report of that case and is repeated here for convenience.

"The substance of the contract is that said Parkman should live on, supervise and manage said dairy farm for a period of five years from January 1, 1946, upon the basis of a division of all profits derived from the operation of said dairy farm, to be determined by an accounting monthly. Hunter agreed to furnish the lands, the houses and the equipment for the operation of the business and Parkman agreed to furnish the labor necessary in the operation of said dairy business, and the feeding of the herd. The contract provided that the maintenance of all trucks, tractors and equipment necessary to the operation located on said premises and the cost of all feed, fertilizer, gas, oil, electricity 'and such other expenses as may be incurred in the care and production of milk,' other than the labor, was to be deducted from all profits realized from the operation of said business.

"Hunter agreed to keep a herd of dairy cattle of not less than 150 head or more to be of the same type and grade as the cattle then on said dairy plantation and to replace cattle sold or that should die and that the parties should share equally in the profits of all crops raised on said farm, not used for feeding purposes, sold to outsiders. That the dividends in the Wells Dairy and Algo Feed Company should be treated as profit and accredited to the business during the life of the agreement.

"That all increase of the herd during the operations under the contract should belong jointly to the parties. That all bookkeeping, receipt of all funds and deposits thereof and the signing of all checks which were issued would be drawn by Parkman, who should keep the accounts and records of all transactions, purchases and sales and that a monthly statement should be made for the determination of the profits."

The decree from which the appeal is taken is more particularly referred to later in this opinion, resulting in a personal judgment in favor of appellee, Parkman, against the appellant, Hunter, growing out of said partnership transaction in the sum of $9,475.57.

The equity of this suit, as held on former appeal, was to have injunctive relief and the appointment of a receiver, by reason of conduct of this appellant (respondent in the trial court) in failing to carry out his contract in certain respects and for his removal of the partnership property and breaking up the business. The bill did not then seek a decree of dissolution nor an accounting and settlement of the affairs of the partnership. But it was originally filed to enable complainant to continue to operate the business of the partnership free from improper interference by Hunter, this appellant. As amended, the bill sought the appointment of a receiver. The trial court made an order for the appointment of a receiver September 22, 1947. On the same day the receiver made a bond and on the next day, September 23, 1947, the court denied a motion to dissolve a temporary injunction which had been ordered and issued, and overruled demurrer to the bill as amended. On appeal supersedeas bond was made and approved September 23, 1947, from the decree denying the motion to dissolve the injunction and appointing a receiver. On that appeal the decree to that extent was affirmed. Hunter v. Parkman, 250 Ala. 312, 34 So.2d 221.

After the affirmance in this Court, complainant on June 11, 1948 again amended the bill. The bill as amended still did not seek a decree of dissolution expressly, but alleged that complainant, looking to a continuance of the partnership for the five year period as provided in the contract, by the use of his money, effects and excess labor, made improvements in the pasture, repairing and making other improvements enhancing the value of the dairy farm looking to the profits from its operation for such period when the partnership was to continue, resulting in its enhancement in value to the extent of $40,000, and that he was wrongfully deprived of the benefits of such improvements for the balance of the term of the contract. The contract was for five years, from January 1, 1946, and the bill was first filed August 28, 1947. Said amendment also alleged that Hunter had taken possession of the cows and equipment and other assets and the money in bank, and that complainant is entitled to a full and complete accounting and to recover full compensation for his interest in the partnership and for the damages and compensation for his loss caused by Hunter effecting the dissolution of the partnership, and for his violation of the partnership contract by taking over the assets and effects and profits of the dairy business. The amendment prays in substance for a settlement of the partnership affairs, on the assumption that Hunter by his conduct has caused a dissolution, and an accounting to determine the amount due complainant for the permanent improvements he has made and damages for a breach of the contract breaking up and dissolving the partnership and carrying off its assets and depriving complainant of his just profits and the use of the improvements he made to the buildings and pasture, and all rights between the parties, and for general relief.

There was an answer and demurrer to the bill as amended. The only decree on the demurrer made since the appeal was disposed of is that the "grounds of demurrer are overruled and held for naught." We call attention to the fact that such an order is not a decree which will support an appeal or an assignment of error. Bertrand v. Taylor, 250 Ala. 15, 32 So.2d 885.

The court then proceeded to hear the cause and rendered a final decree on the evidence taken ore tenus before him, without a reference to the register or other master, and declared the right of complainant in respect to certain claims made as to the improvements and the liability of Hunter to complainant on account of certain items of personal property which Hunter had received, fixing it at one-half their value, and for the value of certain other improvements which complainant had made less the value of their use by the partnership for two years, and for improvements to the pasture which would be useful to the partnership for five years, but were only used one year, therefore deducting from the amount of the value of such improvement one-fifth thereof for its use for one year by the partnership, and for feeding cows culled out of the herd and fattened for sale, not suitable for dairy purposes, and for fertilizer applied to the

pasture and other items of the same general classification, finding the amount due complainant by Hunter on account of those transactions to be $9,475.57, for which a personal judgment was rendered, from which Hunter has prosecuted this appeal.

■ The law is well settled that one partner may not recover in an action against his copartner on account of matters growing out of the firm business, until there has been a settlement and a balance found due him. Merrill v. Smith, 158 Ala. 186, 48 So. 495; Davenport v. Witt, 212 Ala. 114, 101 So. 887; Moody v. Headrick, 247 Ala. 455, 25 So.2d 137; Broda v. Greenwald, 66 Ala. 538.

The reason for this rule is thus stated in 47 Corpus Juris 804: "(1) A dispute of this nature ordinarily involves the taking of a partnership account; for, until that is taken, it cannot be known but that plaintiff may be liable to refund even more than he claims in the particular suit. (2) In partnership transactions a partner does not as a rule become the creditor or the debtor of a copartner, but of the firm. (3) Such a suit would necessitate that the party complained of be both plaintiff and defendant. (4) One partner does not own or have a right to any specific portion of the partnership property."

■ Before there can arise a liability from one partner to another growing out of the partnership dealings, or for damages for reason of the failure of one to live up to his obligations under the contract in respect to its operations, there must be a partnership settlement, and if one partner has failed in that regard his liability is to the partnership and not to the partner, except as it may affect a final settlement which is only available in equity. Moody v. Headrick, supra; Berger v. Dempster, 204 Ala. 305, 85 So. 392; Jones v. Cade, 19 Ala.App. 27, 94 So. 255; Dugger v. Tutwiler, 129 Ala. 258, 30 So. 91; Couch v. Woodruff, 63 Ala. 466, 471.

Although this suit is in equity the court has no power to award and fix a liability from one partner to the other of matters growing out of the partnership until there is a settlement of its affairs and a balance struck.

■ For the breach of a partnership agreement which creates an obligation by one partner which runs to the partnership, his copartner cannot recover damages except as an incident to the partnership settlement and accounting. Northen v. Tatum, 164 Ala. 368, 51 So. 17; 40 Am.Jur. 457, section 473; 47 Corpus Juris 806, section 255. But this may be taken into consideration in the accounting on a settlement in equity. 47 Corpus Juris 1268, note 89; McIntosh v. Ward, 7 Cir., 159 F. 66, 69; Northen v. Tatum, supra.

The claims allowed by the trial court for the breach of the partnership agreement against Hunter included an eviction by him of the partnership from the facilities he was obligated to furnish, and the value of certain improvements alleged to have been made by Parkman to the pasture, the buildings and fences, with the expectation that the partnership should continue for five years, as stipulated in the contract. It is alleged that Parkman made those improvements and that they included his labor over and above the labor which the contract required him to perform, but it is not alleged that Hunter consented to his doing so. But so far as those transactions affected Hunter they created a status between the partnership and Hunter in the first place, and in the next place between Parkman and the partnership.

In respect to the relation between Hunter and the partnership, growing out of such transactions, their relation resembles very much that of a landlord and tenant in respect to the claims involved here. As applicable to that relation, an eviction by the landlord does not justify a recovery of damages against him by the tenant for permanent improvements which the tenant may have made, unless they were made with the landlord's consent. 52 Corpus Juris Secundum, Landlord and Tenant, § 461, p. 195. A claim of damages resulting from such eviction, when allowed, is said to be usually the value of the use of the land in its then condition, not considering such improvements unless they were made with the landlord's consent, for the balance of the term of the contract, (since the contract does not contemplate the payment to Hunter of any

sum for such use). 52 Corpus Juris Secundum, Landlord and Tenant, § 461, p. 197, 32 Am.Jur. 249. If made with his consent, the value of the use would be of the property thus enhanced.

It is necessary in this proceeding, in making a proper accounting of the transaction involved, to state the account between each partner separately with the partnership. Lindsey v. Reeves, 251 Ala. 400, 37 So.2d 501; Garrett v. Robinson, 80 Ala. 192; Collins v. Owens, 34 Ala. 66; Zimmerman v. Huber, 29 Ala. 379.

In stating the account between Hunter and the partnership, if any claim exists for damages against Hunter by reason of an unlawful and improper eviction of the partnership from the premises and property of Hunter, whose use was secured to the partnership by the contract, such claim if sustained would be a liability which Hunter owed the partnership on the same footing as any other liability which a partner owes to the partnership. Couch v. Woodruff, supra; Northen v. Tatum, supra; Garrett v. Robinson, supra; 47 Corpus Juris 1250, section 967.

If Parkman, using his own money, efforts and excess labor, made the improvements referred to, over and above the duty imposed upon him by the contract, and with the consent of his partner, Zimmerman v. Huber, supra; 47 Corpus Juris 1256, section 983; Lawler v. Stanford, 26 Ala.App. 416, 161 So. 265, the reasonable value of the same at the time it was made would be a liability which the partnership owed Parkman, and in stating the account between Parkman and the partnership he would be credited with the amount of the same.

After there has been an adjustment of the accounts of each of the partners with the partnership, it would be necessary, on the basis of the authorities cited above, to ascertain the status of the partnership business and determine whether or not there has been a profit or loss and how much. In doing so, any legal claim which may be found to exist by the partnership against Hunter for damages resulting from the eviction would of course be treated as an asset of the partnership and any liability which

the partnership may have incurred to Parkman by reason of his labor and expense over and above his contract duty and made with his personal funds and with the consent and approval of Hunter would be a liability of the partnership in determining the matter of its profit and loss. When the status of the partners in respect to the partnership and the partnership affairs have all been determined, then, and not until then, can there be an accounting between Parkman and Hunter. Collins v. Owens, supra. Those matters of accounting should ordinarily be determined upon a reference to the register or special master.

The court did not make a reference but acted without such assistance. In this there was no error, though it is not contemplated that in equity the judge should perform such administrative acts. Hale v Cox, 240 Ala. 622, 200 So. 772; Ex parte Gurganus, 251 Ala. 361, 37 So.2d 591; Stanley v. Beck, 242 Ala. 574, 7 So.2d 276.

It is necessary for us to reverse the decree of the lower court that there may be such an accounting as is required in such a situation as this. In this connection, we call particular attention to Equity Rules 79, 81 and 82, Code 1940, Tit. 7 Appendix. It will be observed that Equity Rule 82 requires all parties accounting before a register to bring in their respective accounts in the form of debtor and creditor, verified by affidavit. In that way the register will have before him the contentions of both parties with respect to how the account should be stated and the results of such accounting, and they will disclose the items of controversy between them to which the evidence may be limited.

We note that the record contains several matters which should not have been included. This includes the opinion of this Court on former appeal. It also includes the briefs of counsel, which were filed for the benefit of the trial judge in anticipation of the rendition of his final decree and perhaps other matters which have no place in the record.

Although it is necessary to reverse the decree of the circuit court in this cause for the reasons which we have indicated, we

do not think appellee should sustain the burden of the entire cost of this appeal, but we think it should properly be equally divided between appellant and appellee.

The decree of the circuit court, in equity, is reversed and the cause is remanded to that court with direction to refer the matter to a competent accountant, either the register or a special master, to state the accounts on the principles we have here declared, subject to proper proceedings following his report.

Reversed and remanded with directions.

LAWSON, SIMPSON and STAKELY, JJ., concur.