67 So.2d 797

## HUNTER v. PARKMAN.

### 4 Div. 661.

Supreme Court of Alabama.

Oct. 29, 1953.

Smith, & Smith, Phenix City and Chauncey Sparks, Eufaula, for appellant.

Albert L. Patterson, Phenix City, for appellee.

PER CURIAM.

This is an appeal from a decree of the circuit court, in equity, overruling demurrers to a bill as amended several times, which seeks a partnership settlement. There were two previous appeals. The first is reported in 250 Ala. 312, 34 So.2d 221; the second in 254 Ala. 494, 48 So.2d 878. The reports of those appeals disclose the nature of the suit. After the second appeal was disposed of another amendment was filed. The decree appealed from overruled demurrers to the bill as thus amended. It is not necessary for the purposes of this appeal to make further statement of the nature and purpose of the suit.

Appellant in brief has limited our consideration to the following numbered questions:

(1) There is no equity in the bill.

(2) The injunction procured by the complainant dissolved the partnership.

(3) Securing the appointment of a receiver by complainant dissolved the partnership.

(4) If therefore there be any claim for damages only the receiver can sue, if they be partnership assets.

(5) What does the word "labor" in the contract mean?

(6) What is the effect of a supersedeas?

(7) There can be no eviction in a partnership.

(8) This cause is barred by the statute of limitations.

(9) There can be no recovery by Parkman for what he calls excess labor.

(10) Reversion of property.

(11) Profits set up in the last amendment to the complaint cannot be recovered.

(12) The revolving fund is so indefinite as to be an illegal claim.

(13) Decrease in the herd is not a recoverable asset until it has been accomplished.

(14) If there be any right to recover it would be an action by Parkman against Hunter on the contract.

(15) Complainant cannot sue for attorney's fee for the receiver.

(16) Improvements.

It was noted on both former appeals that the bill did not seek a decree dissolving the partnership. On the first appeal it was stated that the partnership could only be terminated by mutual consent of the parties or by a decree of a court of equity, citing Code, Title 43, section 33. Other causes are recited in the statute to create a dissolution not here material. Ramsey v. Wilkins, 253 Ala. 614, 46 So.2d 407. It was also said that the bill was not without equity. Of course there can be no partnership settlement until there is a dissolution of the partnership. The bill seeking the appointment of a receiver and a settlement of the partnership with a prayer for general relief as here will be treated as one seeking a decree of dissolution necessary to be made before the settlement is made. The court should make a decree dissolving the partnership, and then refer the cause to a special master to hold a reference and state the assets and liabilities of the partnership and the account of each partner with the partnership, showing whether he owes the partnership or it owes him over and above his liability to it on any account.

598

We pointed out on former appeal the procedure in that respect and how the matters in controversy should be taken into account.

 Referring now to the numbered points insisted on by appellant:

(1) On former appeal we held that there was equity in the bill. It is still so.

 (2) The equity of the bill is to declare a dissolution of the partnership and to have an accounting and settlement of it made in this Court. The injunction was in aid of that relief, but was not itself a dissolution. We are treating the bill as one for a dissolution and settlement. The injunction is in furtherance of that purpose.

 (3) The same is true as to the appointment of a receiver. The injunction and receivership were upheld on first appeal. There was a supersedeas of them pending that appeal. We have nothing before us in respect to the supersedeas. It does not affect the state of the account.

 (4) It is not a question here of suing a partner for partnership assets. It is a question of charging him with the value of partnership assets on a statement of the accounts, as well as for any other sort of liability on account of appropriation of the use of its assets.

(5) There is no occasion here to define labor or extra labor. They are of simple meaning and the master will have no trouble in that respect.

The other matters numbered by appellant in brief do not present questions for our determination on a consideration of the demurrers.

The decree overruling demurrers to the bill as amended should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and CLAYTON, JJ., concur.