This action arises out of a former business relationship between Bertram L. Sanders II and the accounting firm of Kirkland Company ("Kirkland"), which was an Alabama general partnership. Sanders filed this action against Kirkland and the equity partners of Kirkland ("defendants"). *Page 139 
Sanders contends that he was an equity partner in Kirkland, and the issues before the trial court were breach of the partnership agreement by the defendants, wrongful termination of Sanders as a partner, and fraud by defendants in representing to Sanders that he would have a vested interest in the partnership assets.
The trial court dismissed Sanders's jury demand and set the case down for a nonjury hearing in order to
 "consider all the evidence presented for and on behalf of the respective parties relative to an accounting and determine the said partnership interest of the Plaintiff in Kirkland Company, as to extent, nature and amount, owed by Defendants to Plaintiff or owed by Plaintiff to Defendants, as provided in the Alabama Partnership Act, Section 10-8-1, et seq. of the Code of Alabama of 1975." (Emphasis added.)
The trial court thereafter proceeded for six days to hear "all the evidence . . . relative to an accounting," and entered a 16-page judgment disposing of all of Sander's claims, except his fraud claim. (Emphasis added.) The "wrongful exclusion" claim was specifically considered as part of the "evidence . . . in relation to the accounting" and was found to have "no merit," as the court's judgment of August 2, 1985, explicitly states:
 "The Court finds no merit to Plaintiff Sander's asserted claim that he was involuntarily removed as a partner of Kirkland, in or about May, 1982, nor does the Court find that Sanders was either involuntarily removed or wrongfully terminated as a partner from September 26, 1980, to and until August, 1982, when he submitted his resignation. . . ." (Emphasis added.)
The trial court's judgment concluded by acknowledging that the court had "heard and considered 'all issues triable in the accounting,' " and judgment was entered against Sanders on all claims except the fraud count.
The trial court found that Sanders had been "overpaid" by the sum of $246.13 on his voluntary resignation. Accordingly, the trial court held that Sanders owed Kirkland this amount.
Sanders first contends that the court erred to reversal in dismissing his jury demand for the claim based on his allegedly wrongful termination/exclusion from Kirkland.
Rule 38(a), Ala.R.Civ.P., provides:
 "(a) The right of trial by jury as declared by the Constitution of Alabama or as given by statute of this State shall be preserved to the parties inviolate."
As the Committee Comments to Rule 38 make clear, "Subdivision (a) is identical with Constitution 1901, § 11, and thus preserves the right to jury trial precisely as it has beenknown heretofore in Alabama." (Emphasis added.) In Ex parteCollins, 394 So.2d 952 (Ala. 1981), this Court made the following statement:
 "The Constitution and the Rules of Civil Procedure preserve to all litigants the right of trial by jury as it existed under prior procedure, and the Rules cannot be construed to restrict such right. However, they should not be construed to permit a jury trial on issues which were never triable by jury before the adoption of the Rules, unless such issues are merged with issues which were." (Emphasis added.)
Richey v. Creel, 437 So.2d 554, 555 (Ala.Civ.App. 1983).
Accordingly, it is well settled in Alabama that "Rule 38(a), ARCP, simply preserves the historic right to a jury trial where that right existed at the time of the adoption of the Alabama 1901 Constitution." Shelton v. Shelton, 376 So.2d 740, 741
(Ala.Civ.App. 1979); see also Ex parte Jones, 447 So.2d 709,711 (Ala. 1984). The constitutional guaranty of trial by jury does not extend to causes of action "unknown to the common law" or "equitable in nature." Shelton v. Shelton, supra, at 741; Exparte Jones, supra, at 711; Pugh v. Calloway, 295 Ala. 139,325 So.2d 135 (1976); City of Mobile v. Gulf Dev. Co., 277 Ala. 431, 171 So.2d 247 (1965).
The law of Alabama has historically and consistently treated any claim of *Page 140 
"wrongful exclusion" from a partnership as being a purely equitable claim, for which the exclusive remedy is a non-jury accounting. See Hunter v. Parkman, 254 Ala. 494, 48 So.2d 878
(1950); McDonough v. Saunders, 201 Ala. 321, 78 So. 160 (1917);Reilly v. Woolbert, 196 Ala. 191, 72 So. 10 (1916).
Thus, in Hunter v. Parkman, 254 Ala. at 498, 48 So.2d at 881, this Court expressly noted that "[t]he law is well settled that one partner may not recover in an action against his copartner on account of matters growing out of the firm business, until there has been a settlement and a balance found due him." (Emphasis added.) The Court explained the remedy available to the complaining partner as follows:
 "For the breach of a partnership agreement which creates an obligation by one partner which runs to the partnership, his co-partner cannot recover damages except as an incident to the partnership settlement and accounting. Northen v. Tatum, 164 Ala. 368, 51 So. 17 [(1909)]; 40 Am.Jur. 457, section 473; 47 Corpus Juris 806, section 255. But this may be taken into consideration in the accounting on a settlement in equity. . . ."
254 Ala. at 498, 48 So.2d at 882.
Likewise, in McDonough v. Saunders, 201 Ala. 321, 78 So. 160
(1917), which involved an appeal from an equity court concerning the alleged "wrongful exclusion" of a partner in a joint venture, this Court deemed that the equity court was the proper forum for resolving the partnership dispute, including the wrongful exclusion claim. 201 Ala. at 325, 78 So. at 164. Upon review of the record in the equity proceeding, this Court affirmed the chancellor's holding that "the evidence in this case fails to show such grave fault on the part of [complainant] which would authorize a dissolution of the partnership or the expulsion of the [complainant] from further membership or participation in the joint adventure as was attempted by appellants in this case." Id., 201 Ala. at 328,78 So. at 167. Thus, the case acknowledges that claims for "wrongful exclusion" from a partnership are equitable in nature under Alabama law.
Further, in Reilly v. Woolbert, 196 Ala. 191, 72 So. 10
(1916), which involved a claim that the complainant's partner had "excluded him from participation in the business, and thereafter . . . refused to make any settlement with complainant," this Court determined that such a claim was properly to be resolved in equity. Specifically, the Court's opinion states: "This [partnership] relation, under the allegations of the bill, would entitle complainant to an accounting and settlement of the partnership business, as an independent equity, regardless of the nature of the account, whether complicated or simple." 192 Ala. at 193, 72 So. at 11.
Significantly, the settled principle that claims for "wrongful exclusion" from partnership affairs are to be included in an equitable accounting is now expressly codified at § 10-8-47 of the Alabama Code 1975, as follows:
"§ 10-8-47 Right of partner to formal accounting.
 "Any partner shall have the right to a formal accounting as to partnership affairs:
 "(1) If he is wrongfully excluded from the partnership business or possession of its property by his copartners;" (Emphasis added.)
Pre-1901 Alabama decisions uniformly confirm that Sanders had no standing to demand a jury on any issue arising from the partnership affairs or on any claim for legal damages until an amount had been found due him from his former partners.E.g., Broda v. Greenwald, 66 Ala. 538 (1880); Pope v. Randolph,13 Ala. 214 (1848). In Broda, this Court said:
 "It is settled law, that one partner cannot sue the other at law, on any claim originating in their partnership dealings, unless there has been a settlement of partnership accounts, and an ascertained balance due from one to the other." (Emphasis added.)
66 Ala. at 542.
In its even earlier Pope decision, after reciting the foregoing principle, this Court *Page 141 
stated: "This is too well established to need a reference to authorities." 13 Ala. at 220.
Sander's claim for "wrongful exclusion" from Kirkland is one that is historically of a purely equitable nature, for which the exclusive remedy is a non-jury accounting. Adding a claim for damages for mental anguish, emotional distress, humiliation, and mental anxiety to such an equitable claim, unknown at common law, does not create a right to jury trial where none has ever existed. As one court aptly stated in a somewhat analogous context:
 "The basically equitable nature of an action . . . for an accounting is not changed by the inclusion of a claim for damages. Such a claim only restates the basic equitable action, and in no way creates a right to trial by jury. Indeed it would make no sense that the claim for damages could change an equitable action into one at law. Damages can only be determined after an accounting of whether or not money is owed to or from [the defendant]. . . ."
Bonnell v. Commonwealth Realty Trust, 363 F. Supp. 1392, at 1393 (E.D.Pa. 1973).
The trial court found that Sanders was an income partner and not an equity partner, and had no interest in the assets of the partnership. There was credible evidence to support the trial court's findings that there were two types of partners in the partnership (equity and income) and that Sanders was an income partner. Under our standard of review, we assume that the findings of fact by the trial court which heard evidence presented ore tenus are correct and we will not make our own findings of fact unless the appellant can convince us that the trial court's findings of fact are palpably wrong, not supported by any credible evidence, or manifestly unjust.Clardy v. Capital City Asphalt, 477 So.2d 350 (Ala. 1985). In this case, the trial court's findings of fact are supported by the evidence, and we are not persuaded that such findings are palpably wrong or manifestly unjust.
Sanders contends that the trial court erred in granting defendants' motion for summary judgment on the fraud count. Count III of Sander's complaint is as follows:
 "9. On or about the 26th day of September 1980, Defendants and Plaintiff were negotiating concerning the entry of the Plaintiff into KIRKLAND COMPANY.
 "10. At that time, Defendants represented to the Plaintiff that if he joined as a partner in KIRKLAND COMPANY, he would have a vested interest in the assets of the partnership.
 "11. The representations made by Defendants were false, and Defendants knew that they were false; or, in the alternative, Defendants, without knowledge of the true facts, recklessly misrepresented them, or, the representations were made by mistake with the intention that Plaintiff should rely upon them.
 "12. Plaintiff believed the representations and, in reliance upon them, joined with KIRKLAND COMPANY as a partner.
 "13. The association of Plaintiff and Defendants was terminated on or about August 17, 1982, at which time Plaintiff demanded a sum of money which represented his share of the partnership assets. The Defendants failed and refused to account to Plaintiff for the partnership assets and further failed and refused to make payment to Plaintiff." (Emphasis added.)
The trial court found that the alleged misrepresentations made by the defendants to Sanders were made after he became a partner in Kirkland on September 26, 1980, and therefore, could not have been relied upon by Sanders when he "joined with KIRKLAND COMPANY as a partner," as alleged in his complaint.
The standard of review applicable to an order granting summary judgment for a defendant is well established. See Rule 56(c), Ala.R.Civ.P. In this case, summary judgment would be proper if it clearly appears that there is no evidence of reliance, which is an essential element in a cause of action for fraud. If there is any evidence tending to establish justifiable reliance, *Page 142 
then summary judgment would be inappropriate, since there was some evidence of each of the other elements of fraud. In determining whether there is evidence to support each element — to raise a genuine question of material fact as to whether that element exists, Rule 56(c) — this Court must review the record in a light most favorable to the plaintiff and resolve all reasonable doubts against the defendants. Harbison v.Albertville National Bank, 495 So.2d 1084 (Ala. 1986).
Sanders's claim is simply that he relied upon the representations by "join[ing] with Kirkland Company as a partner." As the trial court explained, it is undisputed that the alleged misrepresentations took place after Sanders was made a partner; thus, he could not possibly have relied upon the misrepresentations in making his decision to join "with Kirkland Company as a partner." In support of that finding, the Court accepted plaintiff's own deposition testimony:
 "Q All right. Mr. Sanders, you have stated in Count one of this Complaint, of your Complaint in this lawsuit, that you had, quote, a vested interest in the inventory of work in process and the accounts receivable, close quote, of this partnership, the partnership of Kirkland and Company. You had that vested interest as of the time your professional relationship was terminated on August 17, 1982.
 "Is it your contention that you were promised this vested interest or that you were represented, it was represented to you that you would have such a vested interest, was this ever promised to you or told to you before you ever became a partner, income or otherwise, in the firm.
"A Before, specifically, no, sir.
 "Q When Mr. Smith interviewed you at the University of Alabama or during your entire three and a half years as an employee, or at the time you walked in here, up until the time you walked in here on September 26th, 1980, was it ever represented to you by anyone that you would have such a vested interest?
"A Prior to that date, no, sir.
 "Q Okay. Mr. Sanders, is it your contention that you were promised this vested interest in the inventory of work in process and accounts receivable after you became a partner in the firm?
"A Yes, sir."
It is fundamental to an action for fraud that the plaintiff must have relied to his detriment on the alleged misrepresentation. In the absence of proof of reliance, a plaintiff's fraud claim must fail as a matter of law. E.g.,Taylor v. Moorman Mfg. Co., 475 So.2d 1187 (Ala. 1985); Webb v.Renfrow, 453 So.2d 724 (Ala. 1984); Davis Bluff Land TimberCo. v. Cooper, 223 Ala. 137, 134 So. 639 (1931).
In the instant case, the undisputed facts establish that the action allegedly taken by Sanders in reliance upon the representations — becoming a partner in Kirkland — took place before the representations ever occurred. Based upon these facts, the trial court properly concluded that the fraud claim must fail as a matter of law, and summary judgment was properly granted. We need not discuss whether the fraud action was time barred.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and BEATTY, JJ., concur.