ROBERTSON, Presiding Judge.
C.W. Woodson was operating a business for the on-premises sale and consumption of alcoholic beverages in a one-story, wood-frame building located in Crenshaw County/Alabama, which belonged to Elizabeth Harris, Samuel Kolb, and Marilyn McAllis-ter (owners). The record reflects that the owners’ father had operated a “night club” in the building before his death and that others had operated the business for short periods after the father’s death. After the building had been vacated and again in 1979, Woodson approached one of the owners about reopening the night club. The owners agreed, and Woodson reopened the business. Around 1983, a representative from the Alcohol Beverage Control Board (ABC Board) informed Woodson that if certain improvements were not made to the building, he could not continue to operate his night club business. Woodson made the necessary improvements to the building so as to comply with the ABC Board rules and remain in business. After the improvements were made, Woodson presented one of the owners, Elizabeth Harris, a lease agreement which only she signed. The lease provided for Woodson to pay $8 per month rent but did not contain a specific term or duration of the lease.
In 1991 the owners notified Woodson that he would have to vacate the building. Woodson filed a complaint in district court against the owners in which he claimed that he was entitled to reimbursement for the improvements he made to the building in 1983. The district court rendered a judgment in favor of the owners, and Woodson appealed to the circuit court. After receiving ore tenus evidence from Woodson in circuit court, the trial court found that Woodson had failed to prove any express agreement on the part of the owners to pay for any improvements made on the property and entered an order in which it held that Woodson was not entitled to the relief he sought against the owners. The parties had stipulated that the owners had a right of possession after providing proper notice to Woodson. While the owners did not testify, it was undisputed that there was no agreement for them *94 to pay for any improvements made to the property. Also, Woodson testified on cross-examination that he had paid little or no rent to the owners during the approximate twelve years that he had operated his night club business on the leased property.
The sole issue on appeal is whether, in the absence of an express agreement, Woodson was entitled to recover from the owners the cost of the improvements he had made to the leased property.
Woodson primarily relies on the theory of unjust enrichment and on Benedict v. Little, 288 Ala. 638, 264 So.2d 491 (1972), in support of his position that he is entitled to reimbursement for the cost of the improvements he made on the building. In Benedict, our supreme court reaffirmed the principle that when a person makes improvements upon the property of another after being induced by fraud, duress, undue influence, or mistake of such a character that he is entitled to restitution, he is entitled to an equitable lien upon the property. Benedict. We find that Benedict is inapplicable to this case; that the facts in this case do not support the theory of unjust enrichment; and that Woodson was not induced by fraud, duress, undue influence, or mistake to make the improvements.
The owners cite Lawler v. Stanford, 26 Ala.App. 416, 161 So. 265 (1935), in support of their contention that Woodson was not entitled to recover. In Lawler, the Court of Appeals of Alabama stated that, absent an agreement otherwise, where valuable services are rendered by one person to another which are knowingly accepted, the law will assume an obligation to pay the reasonable worth for such services. However, we agree with the appellate court in Lawler that this principle does not apply where improvements on leased property are made voluntarily by the lessee for the lessee’s own accommodation, comfort, or convenience.
Absent an express agreement by the owners to pay for the 1983 improvements to the leased property, which is admittedly the case here, Woodson had no right to recover. Lawler. The record clearly reflects that, while the improvements may not have been voluntary as to the ABC Board, they were voluntarily made as to the owners; that Woodson was a lessee; and that Woodson made the improvements on the building for his own accommodation, so that he could continue operating his night club business.
We find that the trial court did not err in holding that Woodson was not entitled to recover for the cost of the improvements placed on the leased premises. The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.