L. CHARLES WRIGHT, Retired Appellate Judge.
W.F. Goggans and Louise Goggans appeal from a summary judgment entered in favor of Realty Sales & Mortgage, Dot Spencer, Eugene Sample, and Marion Sample.
The facts viewed in a light most favorable to the Gogganses are as follows: The Gog-ganses began looking at houses to purchase in 1984. They contacted Mary Guest, a real estate agent, to assist them. Guest showed them the Samples’ house and gave them information concerning the house. Guest told the Gogganses that the house carried a 25-year mortgage. The Gogganses decided not to purchase the house at that time.
In 1985 the Gogganses once again became interested in purchasing a house. They contacted Guest for her assistance. Guest again showed them the Samples’ house. They made an offer on the house, which was subsequently accepted. The Gogganses agreed to pay $92,000 to the Samples and to assume payment of a mortgage in the approximate amount of $23,000 at 7.25%, with monthly payments of approximately $280.
At the closing there were several sheets of paper relating to the assumption of the loan by the Gogganses. At least one of these sheets, and perhaps more than one, listed the loan as a 25-year mortgage. The assumption statement indicated a maturity date of October 1, 1996. During the closing the Gogganses asked the Samples and Dot Spencer, the Samples’ agent, if the assumption statement reflected the correct maturity date. The Samples and Spencer indicated that it did.
In March 1991 the Gogganses requested, and received, a payoff statement from the company that was then servicing the loan. At that time they realized that the principal balance was too high to be paid out in 1996. They began an inquiry which led them to discover that the original loan had been 29 years instead of 25. They subsequently filed this action, claiming fraud.
In entering the summary judgment against the Gogganses, the trial court relied on Sanders v. Kirkland, 510 So.2d 138 (Ala.1987), and found the following:
“Sanders v. Kirkland, 510 So.2d 138 (Ala.1987), held that an alleged representation made after the plaintiff was made a partner could not be the basis for fraud. There could not be a reliance in joining a partnership when the misrepresentation was made after joining the partnership.
“The same rule applies in this case. Plaintiffs cannot base a claim for fraud or misrepresentations made after they had signed a contract. There was no reliance on any alleged misrepresentation of these defendants.”
We find the trial court’s reliance on Sanders to be misplaced. The consideration for the contract to purchase was not paid until the closing. Figuratively speaking, the alleged fraud arose before the Gogganses joined the “partnership.”
*443 Section 6-5-101, Code 1975, defines fraud by misrepresentation of a material fact in the following manner:
“Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.”
An innocent misrepresentation is as much a legal fraud as an intended misrepresentation. The good faith of a party in making what proves to be a material misrepresentation is immaterial as to whether there was an actionable fraud. Smith v. Reynolds Metals Co., 497 So.2d 93 (Ala.1986). Under the statute, even though a misrepresentation be made by mistake and innocent of any intent to deceive, if it is a material fact and is acted upon with belief in its truth by the one to whom it is made, it may constitute legal fraud. Mid-State Homes, Inc. v. Startley, 366 So.2d 734 (Ala.Civ.App.1979).
In order for the Gogganses to recover damages for an innocent misrepresentation, they must prove: (1) that there was a false representation; (2) that it concerned a material fact; (3) that it was relied upon by them; and (4) that they were damaged as a proximate result of the reliance. Smith v. Reynolds Metals Co.
Summary judgment is proper only where there is no genuine issue of a material fact and the moving party is entitled to a judgment as a matter of law. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). Where, however, the nonmovant produces substantial evidence to support its complaint, a summary judgment cannot be entered. Southern Guaranty Ins. Co. Substantial evidence is evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions as to the existence of the fact to be proven. Economy Fire & Casualty Co. v. Goar, 551 So.2d 957 (Ala.1989).
The Gogganses have presented substantial evidence on each element of misrepresentation. The incorrect maturity date on the loan assumption documents and the Samples’ and Spencer’s indication that the maturity date was accurate constituted a false representation. The incorrect maturity date concerned a fact material to the Gogganses in that they had made plans for the future when they would no longer be making payments on the house. The Gogganses both testified in deposition that they would not have purchased the house if they had known that the maturity date was incorrect. Purportedly, the Gogganses had planned their future actions dependent upon the mortgage being paid by 1996. Whether such belief, based upon the Samples’ misrepresentations, was reasonably relied upon by the Gogganses and whether they suffered damages as a result, are questions for a jury.
Accordingly, the summary judgment for Realty Sales, Spencer, and the Samples on the misrepresentation claim was entered in error.
Realty Sales, Spencer, and the Samples assert that the entry of the summary judgment was proper because, they say, the Gogganses’ claim was barred by the statute of limitations.
Section 6-2-3, Code 1975, provides that the statute of limitations on fraud does not begin to run until the “discovery by the aggrieved party of the fact constituting fraud.” Our supreme court has held that the statute begins to run when the aggrieved party discovers such facts as would put a reasonable person on inquiry, and which, if pursued, would lead to the discovery of the fraud. Jones v. Davis, 477 So.2d 285 (Ala.1985).
Realty Sales, Spencer, and the Samples assert that the Gogganses should have known as early as 1986 that the mortgage was a 29-year mortgage, rather than a 25-year mortgage. They suggest that the multi-list document contained the correct maturity date and that the Gogganses could have extrapolated the maturity date from the terms of the loan.
In deposition, the Gogganses testified that they saw three documents at the closing that depicted the 1996 maturity date. There were no conflicting documents. When ques *444 tioned about the maturity date, Spencer and the Samples indicated that 1996 was the correct date. The Gogganses never saw the multi-list document, and Fred Goggans testified that he did not know that one could extrapolate the maturity date from the terms of the loan.
Even if the trial court had relied upon the statute of limitations theory in entering the summary judgment, we would still be compelled to reverse its judgment. The question of when a party discovered, or should have discovered, fraud so as to begin the running of the statutory period of limitations is generally for the jury. Howard v. Mutual Savings Life Ins. Co., 608 So.2d 379 (Ala.1992); Allen Group Leasing Corp. v. McGugin, 537 So.2d 22 (Ala.1988). In view of the facts in this case, we consider that the statute of limitations issue would be a question for the jury.
The entry of the summary judgment was made in error. The judgment is reversed and the cause remanded for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a Judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and THIGPEN, and MONROE, JJ., concur.